### IVEY et al. v. MILLS. (No. 7154.)

(Court of Civil Appeals of Texas. San Antonio. April 30, 1924.)

1. Appeal and error ⟝870(2)—Complaint of order overruling plea of privilege held too late.

Where no appeal was perfected from order overruling plea of privilege, and petition was amended setting up new cause of action to which no plea of privilege was filed, on appeal from default judgment it is too late to complain of order overruling plea of privilege.

2. Appeal and error ⟝870(3)—Order on plea of privilege not considered on appeal from final judgment.

While an interlocutory order, order on a plea of privilege is a final judgment so far as plea is concerned, and if not appealed from it will not be considered on appeal from judgment on merits.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by Bewley Mills against J. F. Ivey and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Massingill & Belew, of Fort Worth, for appellee.

FLY, C. J. This suit was instituted on July 1, 1921, by appellee against J. F. Ivey and A. M. Madeley, alleged to be partners in trade under the name of Ivey-Madeley Company, on an open account for $859.80. The record shows that a plea of privilege to be sued in Kleberg county was verified by affidavit on September 5, 1921, and was filed on September 9, 1923. The date of filing must be a mistake, as the judgment by default was rendered on May 9, 1923, and the transcript was filed in the Court of Civil Appeals at Fort Worth, on August 6, 1923, and the plea of privilege will be treated as filed September 9, 1921. A controverting affidavit was filed by appellee on February 12, 1923. On April 25, 1923, an amended petition was filed in which it was alleged that the sale of the goods was made on a written contract of purchase, which was attached to and made a part of the petition, in which it was provided that the contract was "performable in Fort Worth, Tex." An amended controverting affidavit was filed by appellee on April 25, 1923, and on the same day the plea of privilege was overruled and notice of appeal was given from that order, but the appeal was not perfected. On May 9, 1923, judgment by default was rendered in favor of appellee for $859.80, as against the firm of Ivey and Madeley. On May 21, 1923, Madeley filed an affidavit of inability to pay costs of appeal. A like affidavit was filed by J. F. Ivey, on May 25, 1923. No brief has been filed by appellants in this court.

The amended petition set up a new cause of action, founded on a written contract, while the original petition was founded on an open account. No plea of privilege was filed to the amended petition.

[1, 2] There was no appeal perfected from the order overruling the plea of privilege, and it has been held it is now too late to

complain of such order. It has been held that unless an appeal is perfected from an order overruling a plea of privilege and the cause is afterwards tried, complaint of overruling the plea of privilege will not be heard. While an interlocutory order, the order on a plea of privilege is a final judgment so far as the plea is concerned, and, if not appealed from, as provided by statute, it will not be considered on an appeal from a judgment on the merits.

Appellants acquiesced in the trial on the amended petition, and are in no position to complain if they desired to do so.

The judgment is affirmed.