WRIGHT v. COOKE et ux. (No. 11577.)*

(Court of Civil Appeals of Texas. Fort Worth. July 3, 1926. Rehearing Denied Oct. 16, 1926.)

1. Appeal and error ☞870(5) — Defendant waived right to complain of overruling plea of privilege, where he did not prosecute appeal therefrom until after judgment on the merits (Rev. St. 1911, arts. 1830, 2308).

Where case was not tried on merits during term of court at which defendant's plea of privilege, made in accordance with Rev. St. 1911, arts. 1830, 2308, was overruled, defendant waived right to complain of court's action in overruling his plea, where he did not prosecute appeal therefrom until after judgment on the merits.

2. Appeal and error ☞742(1)—Where defendant failed to show, in assignments of error, that judgment failing to allow full recovery on cross-action was erroneous, judgment would not be disturbed.

Where assignments of error, arising out of failure of court to allow full recovery to defendant on cross-action, were not followed by any statement from record showing that recovery had been in fact refused, judgment would not be disturbed.

3. Appeal and error ☞901.

Burden is on appellant who seeks to reverse a judgment to show that it is erroneous.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by M. M. Cooke and wife against the United Home Builders of America, G. G. Wright, its receiver, and another, with cross-action by G. G. Wright. From an order overruling his plea of privilege, and from the judgment on the merits, the last-named defendant appeals. Affirmed.

J. L. Zumwalt and John W. Pope, both of Dallas, for appellant.

Jos. H. Aynesworth, of Wichita Falls, for appellees.

DUNKLIN, J. M. M. Cooke and wife, Corrie Cooke, executed to the trustees of the United Home Builders of America, an unincorporated joint-stock association, operating under a declaration of trust, their promissory note in the principal sum of $15,300, payable in 85 monthly installments of $180 each. At the time the note was executed the makers subscribed for 18 shares of capital stock in said association, of the face value of $1,000 each, payable in monthly installments of $10 per share. Contemporaneously with the execution of the note, the makers also executed a mortgage to secure the same in favor of the payees on lot 1, block 166, in the city of Wichita Falls, Wichita county.

This suit was instituted in the district court of Wichita county by M. M. Cooke and wife against the United Home Builders of America and G. G. Wright, its receiver, and John M. Scott, commissioner of insurance for the state of Texas. Plaintiffs alleged in their petition the execution and delivery of the foregoing instruments, together with further allegations to the effect that at the time the transaction was closed the payees of the note made a charge of $4,300 to cover an item of $180 as a membership fee in the association, $540 for 3 monthly installments on their stock subscription, and $3,600 as a bonus for the 18 shares of stock, all of which was required to be paid in advance, and that, plaintiffs being unable to pay the same, it was charged to them and included in the principal of the note so executed. It was further alleged that there was no consideration passing to the plaintiff for the said sum of $4,300; that the same was fictitious, fraudulent, and void, and made for the purpose of avoiding the statutes relating to usury.

It was further alleged that plaintiffs had made certain payments on the obligations so executed, and that there was now a balance due on said note of $8,400, with interest thereon, which plaintiffs are willing to pay into court in full liquidation of their said indebtedness. It was further alleged that Wright, as receiver of said association, now holds said note and is demanding payment of the full sum due thereon accruing to its reading and tenor, without allowing any credits for the fictitious amount charged to plaintiffs for membership fees in the association, for monthly installments thereon, and for the bonus charge of $3,600 mentioned above.

It was further alleged that, by the terms of said note and the mortgage given to secure the same, plaintiffs were given the option to pay the note before its maturity, and that they had elected to exercise that option, and that "this suit is brought to ascertain the exact amount which they will have to pay in satisfaction thereof." It was further alleged that defendant Scott, as commissioner of insurance, had delivered the note to the defendant Wright, as receiver, who is now the sole owner and the only party entitled to collect the same. The petition concludes with the following:

"Premises considered, these plaintiffs pray that, as the defendants Scott and Wright have answered in the respective capacities, upon final hearing hereof they have judgment ascertaining the amount justly due and owing thereon, to wit, the sum of $8,400, with interest thereon, and that they be permitted to redeem the same upon payment, and for such other and further relief as they may show themselves entitled to under the law and the facts."

G. G. Wright, as receiver, filed his duly verified plea of privilege to be sued in the county of Dallas, which was alleged to be his residence at the time the suit was in-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes·

*Writ of error dismissed for want of jurisdiction December 8, 1926.

stituted, and at the time the plea was filed, and that none of the exceptions to exclusive venue included in article 1830 or article 2308, Revised Statutes 1911, exists. By cross-action he also sought a judgment against plaintiffs on the note with foreclosure of the mortgage lien.

To that plea of privilege plaintiffs filed a controverting affidavit reaffirming the allegations contained in their petition, alleging that they sought a cancellation of the note executed by them, and further alleging that the venue of the suit was properly laid in Wichita county, under and by virtue of subdivision 14 of article 1830, which reads as follows:

"Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

The court heard the evidence in support of the plea of privilege, and overruled it on December 20, 1924. From that order defendant Wright gave notice of appeal to this court, but did not prosecute his appeal from that order until after final judgment on the merits, as hereinafter noted. Thereafter, on July 1, 1925, after two full terms of the trial court had intervened, the case was tried on its merits and upon that trial judgment was rendered, decreeing that the receiver recover judgment against the plaintiffs in the sum of $10,177.50, with a foreclosure of the mortgage lien given by plaintiffs to secure the payment of the note in controversy. The judgment also recites that the defendant Scott had filed a disclaimer, and was dismissed from the case. Defendant Wright has prosecuted this appeal both from the order overruling his plea of privilege and from the judgment on the merits of the case.

[1] Since, as noted above, the case was not tried on its merits at the term of court during which the court overruled the plea of privilege and from which order the defendant then gave notice of appeal, the appellant waived his right to complain now of the action of the court in overruling the plea. Smith Bros. v. Windsor & Stanley (Tex. Com. App.) 255- S. W. 158; Hill v. Brady (Tex. Civ. App.) 231 S. W. 145; Luse v. Cisco Grain Co. (Tex. Civ. App.) 241 S. W. 313; Peden Iron & Steel Co. v. El Campo Rice Milling Co. (Tex. Civ. App. 251 S W. 543; Ivey v. Mills (Tex. Civ. App.) 261 S. W. 566; Hubb-Diggs Co. v. Mitchell (Tex. Civ. App.) 256 S. W. 702.

Accordingly all assignments of error contained in appellant's brief complaining of the action of the trial court in overruling his plea of privilege are overruled

Defendant's cross-action against the plaintiffs was to recover the amount alleged to be due him as receiver of the United Home Builders of America, upon the plaintiffs' written contract, executed by them in consideration of a loan made to them by said association.

[2] Two assignments of error are presented which involve that cross-action. The first of those assignments is to the failure of the court to allow a recovery by the defendant for the sum of $2,700, alleged by the appellant to have been incurred by the association for the purchase for plaintiffs' benefit of outstanding contracts for stock in the association, the ownership of which was required as a condition for borrowing money from the association by the appellees; and the second of such assignments is to the failure of the court to award appellant a recovery of $900, charged by the association for services rendered by it in purchasing said stock contract for plaintiffs' benefit.

The record shows that the Home Builders of America was a loan association, doing business under a prescribed plan of operation. According to that plan, any one desiring to borrow money from the association was required to purchase certificates of stock of the par value of the amount sought to be borrowed, and to pay for the same in installments, and also to execute his promissory note, secured by a mortgage on real estate, to secure the payment of the amount of the sum borrowed. The stock certificates and application for a loan by the plaintiffs embody a contract involving divers and sundry conditions and obligations on the part of the purchaser of the contract and the borrower of money, relative to the amount to be paid on the stock certificates from time to time, the accumulation of funds to meet the same, an option on the part of the borrower to pay off the loan at any time, the amount with which he shall be credited on the stock certificates when the loan is paid off and the stock surrendered, membership fees in the association to be paid by the borrower, the payment of a bonus in order to secure the stock certificates, etc. The documents entering into and becoming parts of the contract made by plaintiffs with the association, and on which the suit is based, cover 50 pages of the statement of facts, and the contract for stock certificates embodies 23 separate subdivisions. The proof showed that the association paid out for plaintiffs' benefit the sum of $5,411.05 in the discharge of taxes, outstanding lien, attorney's and recording fees necessary to procure the loan, and the sum of $5,568.95 in money to the plaintiffs, making a total of $10,980. The proof also showed divers and sundry payments made by the plaintiffs to the association, and the purchase, by the association for plaintiffs' benefit from outstanding holders, of stock certificates and the payment therefor by the association.

However, the case was tried before the

court without a jury, and no findings of fact and conclusions of law were filed by the trial judge. The assignments of error noted already, to the effect that the court erred in refusing to allow a recovery by the defendant on the cross-action for the two items of $2,700, the amount alleged to have been paid out in the purchase of stock certificates for the plaintiffs, and $900, as a fee for services in making such purchases, are not followed by any statement from the record showing that the court did, in fact, refuse a recovery for those amounts. In the statements and arguments advanced under those assignments, it is contended that defendant was entitled to recover those amounts, but nothing is pointed out in the record, and we have found none, showing that defendant was not charged with those amounts.

[3] It is a well-settled rule of decisions that the burden is upon the appellant who seeks to reverse a judgment to show that it is erroneous; and, in the absence of such a showing, the judgment cannot be disturbed.

Accordingly all assignments of error are overruled, and the judgment of the trial court is in all things affirmed.