GOAD MOTOR CO. v. YANTIS. (No. 7793.)*

Court of Civil Appeals of Texas. San Antonio. June 1, 1927.

1. Pleading ⚖➡111—Without notice to defendant of hearing on plea of privilege, order overruling plea was unauthorized (Rev. St. 1925, art. 2008).

Where court set hearing on plea of privilege and heard the plea without notice being given to the defendant in the manner and within the time required by Rev. St. 1925, art. 2008, it was unauthorized to make an order overruling the plea.

2. Pleading ⚖➡111—Court hearing and overruling plea of privilege without notice to defendant did not lose jurisdiction, but matter stands as if no hearing were had (Rev. St. 1925, art. 2008).

Where court set hearing on plea of privilege and heard and overruled plea without giving any notice to defendant in the manner and within the time required by Rev. St. 1925, art. 2008, it did not lose jurisdiction of defendant and power to enter any order except one transferring cause to county of defendant's residence, but the matter stands as if no hearing had been had.

3. Appeal and error ⚖➡1177(2)—Order overruling plea of privilege will be reversed and cause remanded, where no notice of hearing was given defendant (Rev. St. 1925, art. 2008).

Where trial court set hearing on plea of privilege and heard and overruled plea of privilege without notice being given to defendant as required by Rev. St. 1925, art. 2008, the Court of Civil Appeals will reverse the order and remand the matter for a hearing on the merits of the plea rather than order a transfer of the cause to the county of defendant's residence itself, since the matter stands as if no hearing had been had.

4. Appeal and error ⚖➡436—After appeal from order overruling plea of privilege had been perfected, trial court had no jurisdiction.

Where appeal from order overruling plea of privilege had been perfected, the trial court had no further jurisdiction in the case and no authority to set aside the order appealed from, to hear the plea, or otherwise to disturb the status of the parties pending the appeal.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by G. R. Yantis against the Goad Motor Company. From an order overruling a plea of privilege, defendant appeals. Reversed, and plea remanded for trial upon its merits.

Wm. H. Russell, of San Antonio, and Davenport, West & Ransome, of Brownsville, for appellant.

H. B. Galbraith, of Brownsville, for appellee.

SMITH, J. [1] This appeal is from an order overruling a plea of privilege, regular in form and substance and seasonably filed in the court below.

It is conceded that while a proper controverting affidavit was seasonably interposed against the plea, the trial court set the matter down for hearing and heard and overruled the plea, without notice to the defendant in the manner and within the time required by statute. Article 2008, R. S. 1925. Out of this state of facts arises the controlling question presented in the appeal, to wit, what effect shall be given the order resulting from the hearing of the plea without proper notice to the defendant? The matter is simple, and although appellee has filed no brief on appeal it is obvious from the record that he concedes that the order appealed from was unauthorized and should be set aside, and that will be done.

[2, 3] Appellant contends that by the procedure had in the court below that court lost jurisdiction of the defendant, and had no power to enter any other order than one transferring the cause to the county of the defendant's residence, and that therefore the court should now order such transfer. We do not so understand the law. The matter stands as if no hearing had been had in the court below, and it is the duty of this court to reverse the order appealed from and remand the cause upon the plea of privilege, in order that it may be set and heard upon proper notice to appellant.

[4] It appears from the record that after this appeal had been perfected appellee filed a motion with the trial court to set aside the order here appealed from, setting up the grounds now urged here by appellant. It further appears that the court granted appellee's motion, set aside the order, and reset the hearing upon the plea of privilege, which proceed-

(296 S.W.)

ing was interrupted by a writ of prohibition from this court. After the appeal was perfected the trial court had no further jurisdiction in the case, and was without authority to enter the order setting aside the judgment appealed from, or to hear the plea, or otherwise disturb the status of the parties pending the appeal.

The order overruling the plea of privilege will be reversed and the plea remanded for trial upon its merits after appropriate notice to the defendant.