## IRVIN, Sheriff, v. DRAKE.   (No. 3167.)

Court of Civil Appeals of Texas. Amarillo.
April 24, 1929.

W. H. Russell, of Hereford, and E. A. Bills and T. Wade Potter, both of Littlefield, for appellant.

Dameron & Dameron, of Hereford, for appellee.

RANDOLPH, J.   This suit was filed in the district court of Deaf Smith county, by appellee, as plaintiff, to recover damages against appellant, the defendant, who was sheriff of Lamb county, for an alleged assault committed by that officer in the arrest of appellee. Upon a jury verdict, judgment was rendered in favor of appellee against appellant, and appeal has been taken to this court.

The first error presented is that the trial court erred in overruling appellant's plea of privilege to be sued in the county of Lamb, the county of his residence.

This contention of the defendant cannot be sustained.   It appears that an order was entered by "Jno. P. Slaton, Special Judge Presiding," overruling the plea of privilege. We cannot consider this order for the reason that there is nothing in the transcript showing that Jno. P. Slaton was ever elected or agreed on as a special judge to try the case. But there is another order, duly entered by the regular judge of the district court of Deaf Smith county, as follows:

"O. J. Drake, v. Len Irvin.

"District Court Deaf Smith County, Texas.
                   "Monday, August 6th, 1928.

"Be it remembered that at a former term of this Court, to wit: on the 27th day of February, 1928, came on to be heard the defendant's plea of privilege to be sued in Lamb County, Texas, and the controverting affidavit filed by the plaintiff; the same having been heard by the court, was in all things overruled, at which time the defendant duly excepted and gave notice of appeal to the Seventh Court of Civil Appeals, at Amarillo, but did not appeal said case, but abandoned an appeal; and upon call of this cause on this day, the defendant again urged his said plea of privilege whereupon the court again overruled the same, to which action of the court the defendant then and there in open court excepted."

It appearing from this order that the plea had been overruled at a former term and notice of appeal duly given, and that the appeal

had been abandoned, the appellant lost his right to have such error considered by us; he having waived same by his failure to appeal. Bradshaw v. Wolfe City (Tex. Civ. App.) 3 S.W.(2d) 527, and authorities therein cited; Wright v. Cooke (Tex. Civ. App.) 287 S. W. 526, and authorities therein cited.

■ The appellant contends that the court erred in permitting the plaintiff to introduce in evidence the fact that after the defendant arrested him, defendant, as sheriff, took him from Deaf Smith county to Lamb county, and there placed him in jail without taking him before a justice of the peace and giving him an opportunity to give bond, for the reason that such failure to give him an opportunity to give bond occurred long after the arrest and assault complained of and also occurred in Lamb county.

The evidence shows that the arrest and alleged assault, and the taking of the plaintiff to Lamb county and placing him in jail, occurred on the same day and was one continuous transaction. It is true that as to actual damages, the damage, if any, inflicted in Lamb county might not be recoverable in a suit in Deaf Smith county; but the suit being for actual and exemplary damages, the evidence was admissible upon the question of intent and malice of the defendant on the claim for the recovery of exemplary damages. The whole transaction, as charged, and as shown by the evidence, was continuous and closely related. Smith v. Robert (Tex. Civ. App.) 218 S. W. 27; Goree v. Uvalde National Bank (Tex. Civ. App.) 218 S. W. 620.

■ The court charged the jury in one paragraph of his charge, as follows: "I further instruct you that although you may find and believe from the evidence that defendant at the time he arrested the plaintiff believed that plaintiff was in the act of attacking him and that he believed that he was in danger of receiving serious bodily injury, and so believing he struck the plaintiff in order to prevent said injury, he would not be justified after arresting plaintiff to assault the plaintiff if plaintiff did not resist the defendant, in holding him in his custody, and if you find from the evidence that the defendant struck and kicked plaintiff as charged and alleged in plaintiff's petition, after he was arrested and in his custody, and plaintiff did not resist said restraint; then such acts on the part of the defendant, if any, would be unlawful; or if you find from the evidence that plaintiff's acts and demeanor, if any, at the time of said arrest did not create in the mind of the defendant that plaintiff was about to make an attack upon him, then the defendant would not be justified in striking the plaintiff, and such striking of the plaintiff by defendant was unlawful."

The defendant says the court erred in giving such charge, because it assumes that the defendant did assault the plaintiff after the plaintiff ceased to resist the arrest. Taking the charge as a whole, it is not subject to the objection urged. The portion of the charge which is alleged to have so assumed the fact to be is hedged about by the full instruction, "or, if you find from the evidence plaintiff's acts and demeanor, if any, at the time of said arrest, did not create in the mind of the defendant that plaintiff was about to make an attack on him, then the defendant would not be justified in striking the plaintiff and such striking of plaintiff was unlawful." It is clear from the charge as a whole that the jury could not have been so misled and that there is no such assumption of fact in it as charged.

■ A charge should be taken as a whole, and when the part complained of is considered along with the rest of the charge, it is clear that it does not assume the existence of such fact, but that it is thereby submitted to the jury for its consideration along with the other facts of the case. San Antonio Traction Co. v. Welter (Tex. Civ. App.) 77 S. W. 414, writ denied.

■ The jury having passed on the evidence in the case and having found adversely to the defendant, we have no authority to disturb the verdict.

Having considered all assignments of error and finding no reversible error, we affirm the trial court's judgment.