J. V. MURPHY v. J. H. BROWN ET AL.

No. 7345. Decided March 9, 1938.
(113 S. W., 2d Series, 1212.)

W. S. *Gideon,* of Austin, for relator.

*Gamewell, O'Brien & Umphress,* of Dallas, for respondents.

MR. JUSTICE SHARP delivered the opinion of the Court.

Relator, J. V. Murphy, prays for a writ of mandamus against Honorable W. R. Blalock, Judge of the 93d District Court of Hidalgo County, requiring him to proceed with the trial of a certain cause in his court, No. B-11,113, styled Mrs. Madge Brown et vir v. J. V. Murphy. He also prays for writs of prohibition or injunction against Honorable Claude Hutchins, Judge of the District Court of Titus County, J. H. Brown and wife, Mrs. Madge Brown, and their attorneys, to desist from any further proceedings in cause No. 3767, styled Brown et al. v. Magnolia Petroleum Company et al., pending in the district court of Titus County, in so far as same pertains to J. V. Murphy. Relator further prays that said respondents desist from doing any act or entering any order relative to the cause of action in cause No. 3767, and especially to desist from entering any order in the injunction proceeding heretofore filed by Brown and wife against J. V. Murphy in cause No. 3767, until this petition for mandamus is finally passed upon.

Relator further asks, among other things, that respondents, the Browns and their attorneys, be required to desist from taking any steps wherein they seek to hinder, delay, or prevent

the exercise of exclusive jurisdiction of the cause of action alleged against J. V. Murphy in cause No. B-11,113, and that respondents be prohibited and enjoined from proceeding further in cause No. 3767, in so far as J. V. Murphy is concerned; except that the district judge of Titus County be directed to enter an order of dismissal of the controverting affidavit filed therein by Mrs. Brown and husband, and further be directed to dismiss the injunction issued by that court, and to dismiss J. V. Murphy as a party defendant in the amended petition filed therein.

This Court ordered that leave to file the petition for mandamus be granted, and that the judge of the 93d District Court of Hidalgo County, Texas, and the judge of the district court of Titus County, Texas, and all the parties and their attorneys in the causes in said courts involved in this mandamus proceeding, be enjoined and prohibited from proceeding any further or making any further orders in said causes, or either of them, until this Court shall finally dispose of this case.

The pleadings and proceedings which produced the condition reflected in this record are very voluminous, and we will mention only those pleadings and proceedings essential to the question presented here for decision.

On February 4, 1937, respondents, Madge Brown and husband, filed suit, No. 3767, in the district court of Titus County against Magnolia Petroleum Company, J. V. Murphy, and others, as defendants. In that suit plaintiffs seek to recover a certain undivided interest in lands situated in Titus County, and to cancel certain instruments and deeds pertaining to the land alleged to be owned by Mrs. Brown as her separate estate. The term of the district court of Titus County began on the 5th day of July, 1937. On June 5, 1937, Murphy filed his plea of privilege to have the case transferred to a district court in Hidalgo County, in so far as he was concerned. The Legislature amended the law, and changed the convening date of the district court of Titus County from June 7, 1937, to July 5, 1937. (S. B. No. 431, Regular Session 45th Legislature.) The attorneys for plaintiffs made diligent inquiry of the district clerk concerning all papers filed in cause No. 3767, and the plea of privilege was not among the papers of the cause; nor did the clerk apprise them that it had been filed. In fact, it seems to have been misplaced; and the filing of such paper had escaped the memory of the clerk. On July 6, 1937, the court continued the cause for the term, for the purpose of making additional parties. It is shown that plaintiffs and their attorneys left for their respective homes. On July 14, 1937, with-

out the knowledge or consent of plaintiffs or their attorneys, the plea of privilege was presented to the court, and the cause, is so far as it pertained to Murphy, was transferred to the district court of Hidalgo County. The clerk delivered the papers to the attorney for Murphy, and they were filed in the district court of Hidalgo County on July 17, 1937, and the cause numbered B-11,113. On July 20, 1937, attorneys for plaintiffs learned of the proceedings, and immediately took steps to stop further proceedings in the district court of Hidalgo County.

On July 22, 1937, a motion setting up the facts relating to the plea of privilege filed in cause No. 3767 was filed in the district court of Hidalgo County, and it was shown that the cause was then pending on that docket for further proceedings. In order to protect the interest of their clients, counsel for plaintiffs filed a motion, without prejudice to the rights of plaintiffs to remand the cause to the district court of Titus County for venue purposes, and in the alternative to dismiss the cause. On July 22, 1937, such motion was presented to the district court of Hidalgo County; and it appearing to the court that sufficient time did not remain during the term of the court, which terminated on July 24, 1937, to give notice and hear the motion before the term of court expired, it was ordered that such motion be continued without prejudice to the rights of the parties.

Thereafter, on August 7, 1937, plaintiffs filed in cause No. 3767 their amended petition, and also filed a motion to vacate and set aside the order sustaining Murphy's plea of privilege and transferring the suit as to Murphy, and for a new trial on Murphy's plea of privilege. On August 14, 1937, the judge of the district court of Titus County extended the term of his court, and on August 28, 1937, vacated and set aside the order sustaining Murphy's plea of privilege, and granted plaintiffs the right to file a controverting affidavit to the plea of privilege filed by Murphy. On August 31, 1937, plaintiffs filed such controverting affidavit. On September 1, 1937, the district court of Titus County entered an order setting a hearing on the controverting affidavit on January 4, 1938, which was during term time. Copies of the affidavit and order of the court were served on Murphy on October 23, 1937. The district court of Hidalgo County met in September, 1937, and it was shown that Murphy was threatening to proceed to trial in cause No. B-11,113. On September 22, 1937, plaintiffs obtained a temporary restraining order from the district judge of Titus County in cause No. 3767, restraining Murphy and his attorneys from

proceeding further in the suit in Hidalgo County. Murphy was cited to appear on October 9, 1937, and show cause why a temporary writ of injunction should not issue. On that day the district judge of Titus County granted a temporary injunction restraining the parties from further action until the controverting affidavit filed in suit No. 3767 should be finally disposed of. On the issuance of this order by the district judge of Titus County, the district judge of Hidalgo County refused to proceed further in cause No. B-11,113.

The controlling question in this case is whether the district court of Titus County had jurisdiction of the motion to vacate and set aside the order sustaining the plea of privilege and transferring the cause as to Murphy to Hidalgo County, and permit the plaintiffs to file their controverting affidavit to such plea.

1 This record shows indisputably that plaintiffs and their attorneys did not know that the plea of privilege had been filed by Murphy in cause No. 3767 until after such plea had been presented to the court and sustained, and the cause as to Murphy on July 14, 1937, transferred to Hidalgo County. Furthermore, it is shown that they were not lacking in diligence in making inquiry as to what papers had been filed. In the meatime the papers had been filed in the district court of Hidalgo County; which court was then in session. Later, when the facts were presented to the district court of Titus County, during the term when the order sustaining the plea of privilege and transferring the cause as to Murphy to Hidalgo County was entered, that order was set aside. The court after the hearing granted plaintiffs leave to file a controverting affidavit to such plea of privilege and to amend their petition. It is clearly shown that they had not been given the right to be heard on such plea of privilege. The action of the court in Titus County merely gives them the right to be heard on such plea. Strong reasons were set up in support of the motion, and the court which sustained the plea of privilege set aside the order sustaining such plea and transferring the cause as to Murphy to Hidalgo County. That the court under the facts presented possessed such power can hardly be questioned. The rule is well settled in this State that during the term at which a judgment sustaining a plea of privilege and transferring a cause is rendered, the court has full power over such judgment; and the court may exercise its discretion to vacate, set aside, or modify such judgment, to such an extent as may be proper under principles of justice, and in any way not inconsistent with the settled

rules of procedure. Gulf, C. & S. F. Ry. Co. v. Muse, 109 Texas 352, 207 S. W. 897, 4 A. L. R. 613; Henderson v. Banks, 70 Texas 398, 7 S. W. 815; Hooker v. Williamson, 60 Texas 524; 25 Tex. Jur., p. 520.

2   When the district court of Titus County on July 6, 1937, continued cause No. 3767 for the purpose of making additional parties, neither the plaintiffs nor their attorneys' knew that a plea of privilege had been filed therein; and it is quite clear from this record that the court did not know that such plea had been filed. Counsel for defendant frankly admitted in his argument before this Court that he had trouble in locating the plea of privilege in the clerk's office when same was presented to the court and sustained on July 14, 1937. It is shown that the papers were immediately filed in Hidalgo County, and that on July 21, 1937, attorneys for plaintiffs reached Hidalgo County, and they immediately took steps to prevent further proceedings in that court in cause No. B-11,113. It is also shown that soon thereafter they returned to the district court of Titus County and filed a motion in cause No. 3767, setting up in detail the facts on which they sought to set aside the order sustaining the plea of privilege and asking that they be granted the privilege of filing a controverting affidavit.

Since no appeal had been taken from the order entered in cause No. 3767 sustaining the plea of privilege and transferring the cause, the trial court, having plenary power over such order during the term in which it was rendered, had the authority, for good cause shown, to allow a contest of the plea of privilege and permit the plaintiffs to file a controverting affidavit, and to continue the cause for the term without prejudice to such controverting affidavit. Texas-Louisiana Power Co. v. Wells, 121 Texas 397, 48 S. W. (2d) 978; Panhandle Compress & Warehouse Co. v. Borum, 95 S. W. (2d) 185.

The statutes give litigants the right to contest a plea of privilege. (Articles 2007 and 2008, Revised Civil Statutes.) This record clearly shows that plaintiffs, without their fault or the fault of their attorneys, have so far been deprived of this right.

Therefore, relator's petition for writ of prohibition and mandamus is denied; and it is ordered that the 93d District Court of Hidalgo County dismiss cause No. B-11,113, and that the record in that cause be returned to the district court of Titus County, and that the district court of Titus County then proceed with the hearing on the controverting affidavit to the

plea of privilege filed in cause No. 3767 and determine the question of venue raised in that cause.

Opinion delivered March 9, 1938.