## SOUTH TEXAS LIFE INS. CO. v. DANHAUS et al.

### No. 11103.

Court of Civil Appeals of Texas. Galveston.

Jan. 16, 1941.

C. C. Jopling, of LaGrange, for appellant.

W. Odis. Tomachefsky and Richard Spinn, both of Brenham, for appellees.

CODY, Justice.

This is an appeal from an order overruling defendant's plea of privilege. The sole ground urged by appellant, defendant below, for reversal of the court's judgment overruling its plea of privilege.to be sued in Fayette County, its domicile, is that the plea of privilege and the controverting affidavit were not disposed of at the term of court at which they were filed as required by Article 2013, Vernon's Annotated Texas Civil Statutes, and that the business of the court would have permitted of their determination at said term of court.

The judgment of the court was rendered on March 8, 1940, and contains the following findings of fact, of which no complaint is here made: "That defendant's plea of privilege was filed herein on the 24th day of August, 1939, and plaintiff's controverting plea thereto filed herein on the 30 day of August, 1939, and on the second day of the first term thereafter, to-wit, on September 5, 1939, a hearing was set by this court on said plea of privilege and controverting plea for September 26, 1939, which notation was made a part of said controverting plea; that notice on such hearing to be held on the 26th day of September, 1939, was duly issued by the District Clerk of this Court on the 6th day of September, 1939, and service of said notice had upon C. C. Jopling, Attorney or record for defendant, on September 7, 1939, and said return showing such filed in this court on September 11, 1939, that on the 26th day of September, 1939, the date set for the hearing, neither defendant nor its counsel appearing, a hearing was had and upon proof by plaintiff in support of said controverting plea, judgment was rendered by this court on said 26th day. of September, 1939, overruling defendant's plea of privilege; that on September 27, 1939, defendant by and through its President L. J. Sulak, filed in this court a motion to set aside such judgment overruling said plea of privilege and upon request of said L. J. Sulak this·court

set said motion down for hearing on October 6, 1939, said date being a date agreeable to L. J. Sulak who informed this court that his attorney was out of the State and could be back at that date, and which date was under all the circumstances the earliest date same could have been set down for a hearing in order to accommodate defendant's counsel and being the earliest date that the business of the court would permit a hearing on such motion; upon the 6th day of October, 1939, a hearing was had upon said motion of defendant and judgment rendered by this court setting aside the former judgment rendered on September 26, 1939, overruling said plea of privilege, and at that time it appearing to the court that since the September Term, 1939, of this court expired on October 13th, 1939, that there would not be sufficient time remaining in said term of court for service to be perfected for the time required by law of a hearing on the plea of privilege and controverting plea thereto, there being less than ten days left in said term, and the business of the court being such that the term could not be extended, this court did postpone and continue the hearing on said plea of privilege and controverting plea to the next succeeding term, to-wit: on March 8, 1940. That since a judgment of this court was rendered on September 26, 1939, overruling said plea of privilege, and a motion filed on September 27, 1939, by defendant to set aside such judgment overruling said plea of privilege, and a hearing set thereon at the earliest·possible date in accordance with the wish of L. J. Sulak, President of the defendant company, who acted for and in behalf of the defendant and the attorney representing said defendant, and that the business of this court would permit, said date being October 6, 1939, at which date a hearing was duly had, and judgment rendered setting aside the former judgment of September 26, 1939, overruling said plea of privilege, and the term ending on October 13, 1939, plaintiff is not guilty under all the facts of negligence in failing to secure a disposal of said plea of privilege and controverting plea at said September Term, A. D. 1939, of this court, and that as a matter of justice same was continued until the next term of this court, being the March Term, A. D. 1940, and set for hearing on March 8, 1940."

From the foregoing statement of facts it is certainly clear that appellees were not guilty of negligence in having the

hearing on their controverting plea set for September 26, 1939. We take it to be true that appellees could have learned before the precept to serve notice was served on appellant's attorney that it was defective. And while the service of notice of appellees' controverting plea on appellant's attorney of record in the manner it was served may have been legally insufficient to be legally binding on appellant, yet the fact that appellant filed a motion on the day following September 26, 1939, to have the judgment of September 26 set aside, indicates that appellant actually knew that the hearing on the controverting plea would be held on that date. There is no doubt that it was the duty of the court if it found that no proper notice of appellees' controverting plea had been served on appellant, in response to a motion of appellant filed at the same term of court the judgment sustaining appellees' controverting plea was sustained, to set said judgment aside. Murphy v. Brown, 131 Tex. 121, 113 S.W.2d 1212. In setting aside a judgment obtained by one party litigant upon the motion filed by the other party at the same term at which the judgment was taken, the court will be constrained, upon the most elementary principle of justice, to provide that its action in setting aside its judgment shall not prejudice the rights of the parties upon a trial of the merits of the case. From the fact findings of the court it appears that appellant filed its motion to set aside the judgment of September 26, 1939, on September 27, 1939, at which time 17 days remained of the term. It further appears that, to suit the necessity of appellant, who had the right to appear by the attorney of its choice, the hearing on the motion was set for October 6, at which time there remained but 7 days of the term. And it is appellant's contention here, as we understand it, that the court, by granting its motion to set aside the judgment of September 26, at the late date to which appellant had set the hearing on said motion, not merely thereby prejudiced the rights of the parties to a hearing on the merits of appellees' controverting plea, but also thereby precluded any such trial, because there did not remain sufficient time in the term, after the judgment was vacated, to serve 10 days' notice of the controverting plea on appellant and try the issue made by the controverting plea. We decline to sustain

this contention. The cases cited by appellant are all cases where plaintiffs through their neglect had failed to have their controverting plea acted on at the term of court at which it was filed. Here appellees were diligent in setting their plea down for hearing, having it acted on, and obtaining a judgment thereon during the term at which it was filed.

It is clear to us that when a party succeeds in having a judgment which has been taken against him set aside, he cannot make claim, as a matter of right, to any more favorable position, as against his adversary, than the merits of his case entitle him to. While there is no case in this State directly in point here, the case of Goad Motor Co. v. Yantis, Tex.Civ.App., 296 S.W. 990, is one in which a plaintiff seasonably interposed his controverting affidavit and the trial court set the matter down for hearing and sustained plaintiff's controverting plea, but without giving the proper notice of the hearing to defendant. And in said case, defendant on appeal contended, as appellant does here, that the court below lost jurisdiction of the defendant, and had no power to enter any other order than one transferring the cause to the county of defendant's residence, and that the Court of Civil Appeals should therefore enter such order. The court held: "We do not so understand the law. The matter stands as if no hearing had been had in the court below, and it is the duty of this court to reverse the order appealed from and remand the cause upon the plea of privilege, in order that it may be set and heard upon proper notice to appellant." It is obvious that the trial court in this case did, when it found that no proper notice had been given appellant, just what the Court of Civil Appeals did when it found that no proper notice had been served on appellant of the controverting affidavit in the cited case. In fact, it did exactly what this court would have been bound to do had the trial court refused to grant appellant's motion to set aside the judgment of September 26, and appellant had appealed from such refusal to set aside the judgment of September 26.

There being no error, the judgment of the trial court ought to be affirmed, and it is so ordered.

Affirmed.