**GILLETTE MOTOR TRANSPORT CO., Inc., v. WICHITA FALLS & SOUTHERN R. CO. et al.**

No. 14508.

Court of Civil Appeals of Texas. Fort Worth.

April 9, 1943.

Rehearing Denied April 30, 1943.

630

Massingill & Belew and Hill & Paddock, all of Fort Worth, for appellant.

Leslie Humphrey and G. C. McDermett, both of Wichita Falls, and Conner & Conner, of Eastland, for appellees.

McDONALD, Chief Justice.

This is an appeal from an order sustaining a plea of privilege.

T. E. Whitfield sued Gillette Motor Transport Company and Wichita Falls & Southern Railroad Company in the district court of Tarrant County, seeking recovery for damages sustained when a truck belonging to the Transport Company collided with a train operated by the Railroad Company. The collision happened in Eastland County. The residence of the Transport Company is in Dallas County, but it has an agent in Tarrant County. The residence of the Railroad Company is in Wichita County.

The Railroad Company filed its plea of privilege to be sued in Eastland County, or, in the alternative, in Wichita County. Whitfield did not controvert the plea. The Transport Company filed a controverting affidavit, setting up grounds for venue in Tarrant County which need not be discussed in view of our disposition of the appeal.

On July 8, 1942, the trial court sustained the plea of privilege of the Railroad Company as to the cause of action asserted by Whitfield. On the same day the trial court entered another order overruling the plea of privilege of the Railroad Company, to quote from the order, "in so far as the Gillette Motor Transport Company, its action for damages and contribution, are concerned". The Railroad Company excepted and gave notice of appeal, but did not file an appeal bond, nor did it file a transcript or statement of facts in this court.

The case was thereafter set for trial on the merits in the Tarrant County district court on November 16, 1942. On that date the Railroad Company presented an oral motion to the court asking that the last-mentioned order of July 8th be set aside. The trial court on November 16th entered an order undertaking to set aside the previously rendered judgment of July 8th, and to transfer the cause, as between the Railroad Company and the Transport Company, to Eastland County. The Transport Company duly perfected an appeal to this court from the order of November 16th.

No complaint is made on this appeal as to the order of July 8th transferring Whitfield's suit against the Railroad Company to Eastland County.

The cause was set for submission in this court on March 19th. At that time the Transport Company, the appellant, had filed a brief containing a single point of error which did not raise the question which we shall discuss and which will control the disposition which we shall make of the appeal. In the course of the presentation of oral argument upon the submission of the cause, the question arose whether the trial court had authority or jurisdiction to en-

ter the order of November 16th, sustaining the plea of privilege as between the Railroad Company and the Transport Company, after he had entered the order of July 8th, overruling the plea of privilege. Leave was granted to both appellant and appellee to file additional briefs upon the question thus raised.

Appellant has filed a supplemental brief containing two points of error not contained in his original brief, and appellee has also filed an additional brief, in which objection is made to the consideration of either of the two additional points of error.

We are met at the outset of our consideration of the appeal with questions of appellate practice. The first is whether, under our new rules of procedure, the Court of Civil Appeals may reverse a judgment for a fundamental error which appears on the face of the record, but concerning which there is no point of error in the brief. The second is whether the Court of Civil Appeals may, after submission of the cause, allow an amendment of briefs in order to present points of error not presented in the original brief. We shall first discuss the latter question.

Almost fifty years ago the Supreme Court appears to have done substantially what we have done with respect to allowing an amendment of appellant's brief. Texas & Pacific Coal Company v. Lawson, 89 Tex. 394, 32 S.W. 871, 872, 34 S.W. 919. When the cause was submitted to the Supreme Court, it appeared to the court that the contract involved in the suit may have been in violation of the anti-trust laws, whereupon the court entered its order as follows: "As these questions were not discussed in the briefs upon which this cause was submitted, we deem it proper to set aside the submission, and refer the cause back for oral and written arguments, or either, as counsel may desire, upon the questions above stated."

Rule 422 of the Texas Rules of Civil Procedure appears to require only a substantial compliance with the rules for briefing. Rule 429 provides that if it should be apparent during the submission or afterward that the case has not been properly prepared, or properly presented in the briefs, or the law and authorities not properly cited, so as to enable the court to decide the case, it may decline to receive the submission, or it may set the submission aside and make such orders as

may be necessary to secure a more satisfactory submission of the case. Rule 431 provides that briefs may be amended or supplemented at any time when justice requires upon such reasonable terms as the court may prescribe. Rule 437 provides that a judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities, except that the court may make no enlargement of time prohibited by Rule 5 or Rule 386.

We fully believe that the rules of procedure now in force authorize the course we have pursued in allowing an amendment of appellant's brief. A similar holding has been made by the Galveston Court of Civil Appeals. Texas Cities Gas Co. v. Gomez, 160 S.W.2d 74, writ of error refused for want of merit.

For the reasons hereinafter stated, the action of the trial court in attempting on November 16th to set aside the order made on July 8th was clearly fundamental error, as we formerly interpreted that term. It has been questioned whether the Court of Civil Appeals may now reverse a judgment for fundamental error appearing on the face of the record, in the absence of a point of error raising the question. Schkade v. Independent-Eastern Torpedo Co., Tex.Civ.App., 168 S.W.2d 281; Douglas v. Douglas, Tex.Civ.App., 167 S.W.2d 774. Whatever may now be the true rule in such respect, we incline to the view that the order of November 16th is void on its face, in that its own recitals demonstrate that the court was without jurisdiction to enter it, and that it is the duty of this court on appeal to so declare when it observes that the trial court was without jurisdiction to enter the judgment appealed from.

Rule 330 is applicable to procedure in the district courts of Tarrant County. It is provided under Section (l) that judgments of such courts shall become as final after the expiration of 30 days after the judgment or after a motion for new trial is overruled as if the term of court had expired, and that after such time the judgment cannot be set aside except by bill of review. The rule has often been applied as to judgments on the merits, in such cases as Smith v. Ferrell, Tex.Com. App., 44 S.W.2d 962.

632

 While an order on a plea of privilege is an interlocutory order in some respects, it is final in character in many respects. Unless the case is tried on the merits at the same term of court, the order on the plea of privilege is waived unless a separate appeal is prosecuted therefrom. Smith Bros. Grain Co. v. Windsor & Stanley, Tex.Com.App., 255 S.W. 158; Wright v. Cooke, Tex.Civ.App., 287 S.W. 526, writ of error dismissed. After the order on venue becomes final, it is thereafter res adjudicata as to venue, even though the suit be dismissed and again filed. Old v. Clark, Tex.Civ.App., 271 S.W. 183; Roach v. Trinity Universal Ins. Co., Tex.Civ.App., 119 S.W.2d 127.

The policy of our law is to dispose of the venue issue before the trial on the merits. Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233. Promptness is required in an appeal from an order on the plea. Rule 385 provides that the record must be filed in the Court of Civil Appeals within twenty days. If the cause is not tried on the merits at the same term, the order on the plea is waived unless a separate appeal is taken. We can see no good reason why we should not apply to orders on venue the same rule which is applied to judgments on the merits, and that is that they cannot be set aside, if the court operates under Rule 330, after thirty days after being entered, or after motion for new trial is overruled. Our Supreme Court seems to recognize that the same rule applies to venue orders as to judgments on the merits. In Murphy v. Brown, 131 Tex. 121, 113 S.W.2d 1212, 1214, it is said: "The rule is well settled in this state that during the term at which a judgment sustaining a plea of privilege and transferring a cause is rendered, the court has full power over such judgment; and the court may exercise its discretion to vacate, set aside, or modify such judgment, to such an extent as may be proper under principles of justice, and in any way not inconsistent with the settled rules of procedure."

The court cites 25 Tex.Jur., p. 520, which is a chapter dealing with judgments generally, and is not limited to orders on venue.

Practically the same ruling is made in O'Neal v. Texas Bank & Trust Co., Tex. Com.App., 118 Tex. 133, 11 S.W.2d 791.

Appellee cites Duncan v. Glasscock, Tex. Civ.App., 118 S.W.2d 658, but an examination of the opinion in that case reveals that the filing of a motion for rehearing on the plea of privilege served to extend the time within which the trial court could set aside its former order.

The order of July 8th became final, and determines the venue of this case.

The order of November 16th being void, it is hereby reversed, and the cause is remanded to the trial court for further proceedings.