Petition
for Writ of Mandamus Conditionally Granted and Opinion filed March 26, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00976-CV



 

In Re Curtis and Shelley Chester,
Relators



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



OPINION


On November 18, 2009, relators, Curtis and Shelley
Chester, filed a petition for writ of mandamus in this Court.  See Tex.
Gov’t Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In
the petition, relators ask this Court to compel the Honorable Mike Engelhart,
presiding judge of the 151st District Court of Harris County, to set aside as
void his September 30, 2009 order in which he vacated his August 28, 2009 order
transferring venue to Parker County, Texas.  We conditionally grant the writ.  

Background

            On
April 13, 2009, Cemex Construction Materials South, LLC filed suit against
relators and American Concrete & Gunite, LP, Richard Wayne Jones, and Leigh
Anne Jones for payment of goods under a guaranty agreement.  On June 9, 2009,
relators filed a motion to transfer venue to Parker County, Texas and an
original answer, and noticed the hearing on the motion for August 10, 2009. 
The other defendants filed an original answer, but no motion to transfer venue.[1] 
On August 7, 2009, Cemex filed a motion for leave to file its response to relators’
motion to transfer venue, asserting that “corporate summer vacations at Cemex”
contributed to the late filing of its response.  On August 28, 2009, the trial
court denied Cemex’s motion for leave to file its response to the motion to
transfer venue.  

            On
August 28, 2009, the trial court granted relators’ motion to transfer venue to
Parker County, and directed that “[t]he District Clerk shall transmit a
certified copy of the file in this matter to the District Clerk of Parker
County.”  On September 1, 2009, the file was transmitted to Parker County.  

            On
September 2, 2009, Cemex filed a motion to reconsider the August 28, 2009 venue
transfer order.  At the September 29, 2009 hearing on Cemex’s motion to
reconsider, relators argued that the trial court had lost jurisdiction to
reconsider the order because thirty days had passed since the trial court had
signed the transfer order.  Cemex argued that its motion for reconsideration
extended the trial court’s plenary power beyond thirty days.  On September 30,
2009, the trial court signed the order vacating its August 28, 2009 transfer
order.  

Standard of Review

            To
be entitled to the extraordinary relief of a writ of mandamus, the relator must
show that the trial court abused its discretion and there is no adequate remedy
by appeal.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008)
(orig. proceeding).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to constitute a clear and prejudicial
error of law, or if it clearly fails to correctly analyze or apply the law.  In
re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig.
proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding).  When an order is void, the relator need not show
that it did not have an adequate appellate remedy, and mandamus relief is
appropriate.  In re Sw. Bell. Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000)
(orig. proceeding) (per curiam).  

Analysis

Plenary
Jurisdiction

            Relators
contend that the trial court’s September 30, 2009 order is void because the
court had lost plenary jurisdiction to set aside the transfer order thirty days
after it was signed.  The trial court has plenary power to grant a new trial or
vacate, modify or reform the judgment within thirty days after the judgment is
signed.  Tex. R. Civ. P. 329b(d). Although a transfer order does not fall
within the purview of a judgment under Rule 329b, the Supreme Court of Texas
has applied Rule 329b(d) to transfer orders.  See HCA Health Servs. of Tex.,
Inc. v. Salinas, 838 S.W.2d 246, 248 (Tex. 1992) (orig. proceeding) (per
curiam).  Under Rule 329b(e), if a motion for new trial is timely filed, the
trial court has plenary power to grant a new trial or to vacate, modify,
correct, or reform the judgment until thirty days after all such timely-filed
motions are overruled, either by written and signed order or by operation of
law, whichever occurs first.  Tex. R. Civ. P. 329b(e).  Cemex argues that,
under Rule 329b(e), its motion for reconsideration extended the trial court’s
plenary power beyond thirty days after the signing of the transfer order. 
Therefore, the issue before this Court is whether Cemex’s motion for
reconsideration extended the trial court’s plenary power beyond thirty days,
thereby giving the trial court jurisdiction to vacate its August 28, 2009
transfer order.  

            Once
the trial court has ruled on proper venue, that decision cannot be the subject
of an interlocutory appeal.  In re Team Rocket, L.P., 256 S.W.3d at
259.  Rule 87 provides that “‘if an action has been transferred to a proper
county in response to a motion to transfer, then no further motions to transfer
shall be considered.’”  Id. at 260 (quoting Tex. R. Civ. P. 87(5)). 
Although a trial court’s ruling transferring venue is interlocutory for the
parties, and not subject to immediate appeal, the order is final for the
transferring court as long as it is not altered within the court’s thirty-day
plenary jurisdiction.  Id.; In re Sw. Bell Tel. Co., 35 S.W.3d at
605.  A court retains plenary jurisdiction to correct its error for thirty days
after the order of transfer is signed.  Salinas, 838 S.W.2d at 248.  

            The
Dallas Court of Appeals, in In re Darling Homes, addressed whether Rule
329b(e) extends the plenary power of the trial court to set aside a transfer
order when a motion to reconsider is filed.  No. 05-05-00497-CV, 2005 WL
1390378 (Tex. App.—Dallas June 14, 2005, orig. proceeding [mand. denied]) (mem.
op.).  In that case, after Hernandez filed suit in Dallas County, the trial
court granted the defendants’ motion to transfer the case to Collin County on
August 3, 2004.  Id. at *1.  On September 27, 2004, the trial court
granted Hernandez’s motion to reconsider the transfer, vacating the transfer to
Collin County.  Id.  Hernandez argued that the filing of the motion to
reconsider eight days after the trial court signed the transfer order acted as
a motion for new trial and extended the trial court’s plenary power by 105 days
pursuant to Rule 329(e).  Id. at *2.  The Dallas Court of Appeals
declined to apply Rule 329b(e) to extend the trial court’s jurisdiction after
the signing of an order transferring venue to another county.  Id.  

            The
court of appeals observed that (1) an objection to improper venue is waived if
not made by written motion filed before or concurrently with any other plea,
pleading, or motion except a special appearance; (2) once a motion is filed, it
is to be determined “promptly”; (3) except for the inability to obtain a fair
trial, only one motion to transfer is allowed in any case; (4) even if a party
is added after the first motion is filed, he cannot file a subsequent motion to
transfer except on the ground of inability to obtain a fair trial; and (5)
interlocutory appeals are prohibited.  Id. (citing Tex. R. Civ. P.
86(1); 87(1), (5), and (6)).  The court explained the rationale for not
expanding the trial court’s jurisdiction beyond thirty days with regard to a
venue transfer order:

            These restrictions reflect the supreme court’s
desire for rapid disposition of a motion to transfer.  Were we to accept
Hernandez’s argument, litigation could be stalled for 105 days while the
transferring court decides whether it will rescind its order.  During that
time, the receiving court is not obligated to take any action.  Such delay is
not an efficient use of judicial resources.  Accordingly, we conclude a trial
court’s plenary jurisdiction is not extended by a motion to reconsider an order
transferring venue.  

Id.
at *3.  

            We
find the reasoning in Darling Homes to be persuasive.  Cemex suggests
that the transferee court is required to hold the case in abeyance until the
transferor court rules on a motion for rehearing.  However, allowing an
extension of the trial court’s plenary jurisdiction beyond thirty days would
render meaningless Rule 89, which sets forth the procedures for the transferor
and transferee courts to follow after the motion to transfer venue has been
sustained.  Tex. R. Civ. P. 89.  Rule 89, entitled “Transferred if Motion is Sustained,”
states, in relevant part:  

            . . . After the cause has been transferred, as
above provided for the clerk of the court to which the cause has been
transferred shall mail notification to the plaintiff or his attorney that
transfer of the cause has been completed, that the filing fee in the proper
court is due and payable within thirty days from the mailing of such
notification, and that the case may be dismissed if the filing fee is not
timely paid; and if such filing fee is timely paid, the cause will be
subject to trial at the expiration of thirty days after the mailing of
notification to the parties or their attorneys by the clerk that the papers
have been filed in the court to which the cause has been transferred; and
if the filing fee is not timely paid, any court of the transferee county to
which the case might have been assigned, upon its own motion or the motion of a
party, may dismiss the cause without prejudice to the refiling of same.  

Tex.
R. Civ. P. 89 (emphasis added). 

            Rule
89 triggers the time frame in which the transferee court can take action on the
transferred case.  Under Rule 89, after the case has been transferred, the
filing fee is due within thirty days from the mailing of the notification to
the parties that the transfer of the case has been completed.  Id.  If
the filing fee is not timely paid, the case may be dismissed without prejudice
to refiling.  Id.  If the filing fee is timely paid, the case will be
subject to trial thirty days after the mailing of the notification to the
parties.  Id.  Therefore, if a motion for rehearing of an order
transferring venue extends the trial court’s plenary power beyond thirty days,
the transferring court would have up to 105 days to set aside the venue
transfer order, even though the case would be “subject to trial” in the
transferee court—long before the expiration of the 105 days.  It would not be feasible
for the transferee court to hold the transferred case in abeyance during the
time in which the first court is deciding venue on rehearing.  Such a procedure
would be contrary to policy that the venue determination be made early in the
case.  See In re Darling Homes, 2005 WL 1390378, at *2.  Moreover, such
a reading is not supported by the plain language of Rule 89.

            Cemex
asserts that the trial court “only loses jurisdiction once it has disposed of
timely filed motions to reconsider rather than when it mails records to another
court.”  In support of this contention, Cemex relies on the supreme court’s
decision in Salinas, in which the trial court set aside its transfer
order seven days after signing it.  838 S.W.3d at 247.  However, the
transferee court refused to return the record to the transferring court.  Id. 
While the trial court retained plenary jurisdiction to correct the error for thirty
days after the transfer order was signed, “[t]he clerk could not curtail the
court’s jurisdiction by transferring the papers in the case to another
county.”  Id. at 248.  Here, the case file was sent to the 43rd District
Court of Parker County on September 1, 2009—well within the thirty-day period
in which the trial court had plenary power following the signing of the
transfer order.  Thus, the trial court’s lack of jurisdiction is not based on
when the 43rd District Court received the case file, but on the expiration of
its plenary power after thirty days.  

            We
hold that the filing of the motion for reconsideration did not extend the trial
court’s plenary power.  Therefore, the trial court was without jurisdiction to
set aside the August 28, 2009 transfer order thirty days after it was signed
and the September 30, 2009 order is void.[2]
 

Laches

            Cemex
contends that relators’ request for relief is barred by laches because they
waited forty-eight days to file their petition after the trial court signed the
September 30, 2009 order and Cemex, in good faith, changed its position to its
detriment because of relators’ delay.  Although mandamus is not an equitable
remedy, its issuance is controlled largely by equitable principles.  In re
Int’l Profit Assocs., Inc., 274 S.W.3d 672, 676 (Tex. 2009) (orig.
proceeding) (per curiam).  One such principle is “‘[e]quity aids the diligent
and not those who slumber on their rights.’”  Rivercenter Assocs. v. Rivera,
858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting Callahan v. Giles,
137 Tex. 571, 155 S.W.2d 793, 795 (1941) (orig. proceeding)).  A delay in the
filing of a petition for writ of mandamus may waive the right to mandamus
unless the relator can justify the delay.  In re Int’l Profits Assocs., Inc.,
274 S.W.3d at 676.  However, laches is not applicable when the order subject to
the mandamus proceeding is void.  See Zimmerman v. Ottis, 941 S.W.2d
259, 262 (Tex. App.—Corpus Christi 1996, orig. proceeding) (“Since mandamus
relief in the present case is premised on the entry of a void order, it would
not serve the interests of justice or those of the parties to invoke laches as
an excuse to ignore that order, and thus to allow the parties to expend further
time and effort in connection with a lawsuit that must ultimately be dismissed
by the Collin County court or reversed on appeal for want of jurisdiction.”).  Therefore,
laches is not a bar to mandamus relief in this case.  

Conclusion

The trial court abused its discretion by vacating its
August 28, 2009 transfer order after its plenary power had expired.  The trial
court’s September 30, 2009 order is void. Accordingly, we conditionally grant
relators’ petition for writ of mandamus and direct the trial court to set aside
its September 30, 2009 order.  The writ will issue only if the trial court fails
to act in accordance with this opinion.  We lift our stay issued on November
20, 2009.[3]

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

Panel consists of Justices Yates, Frost,
and Brown.









[1] On
August 10, 2009, counsel for American Concrete & Gunite, L.P. informed the
trial court by letter that American Concrete supported the motion to transfer
venue.  





[2] Cemex
cites several cases in support of its position that its motion for
reconsideration extended the trial court’s plenary beyond thirty days after
signing the transfer order.  See Wichita Falls & S.R. Co. v. McDonald,
141 Tex. 555, 174 S.W.2d 951 (1943) (orig. proceeding); Murphy v. Brown,
131 Tex. 121, 113 S.W.2d 1212 (1938) (orig. proceeding); U.S. Resources,
Inc. v. Placke, 682 S.W.2d 403 (Tex. App.—Austin 1984, orig. proceeding); Duncan
v. Glasscock, 118 S.W.2d 658 (Tex. Civ. App.—Dallas 1938, no writ); In
re Ashley, No. 13-09-00022-CV, 2009 WL 332312 (Tex. App.—Corpus Christi
Feb. 10, 2009, orig. proceeding) (mem. op.).  However, after reviewing the
cited cases, we conclude they are distinguishable from this case and,
therefore, do not lend support to Cemex’s position.  





[3] Relators
have filed a motion for expanded order of stay or alternatively for writ of
injunction with  this Court.  The relief sought in that motion is best
addressed by the 43rd District Court of Parker County.  We deny the motion.