### In re LUMBERMENS MUTUAL CASUALTY COMPANY, Relator.

### No. 06–0020.

Supreme Court of Texas.

Feb. 3, 2006.

Christopher Tramonte, Tramonte & Associates, Houston, TX, Arthur W. Landry, Plauche' Maselli Landry & Parkerson, LLP, New Orleans, LA, for Relator.

R. Keith Jarrett, Thomas P. Diaz, Liskow & Lewis, New Orleans, LA, Sam Baxter, Rosemary T. Snider, McKool Smith, P.C., Marshall, TX, for Real Party In Interest.

Michael H. Bagot, Thomas Rayer Jr., Wagner & Bagot, New Orleans,LA, H. Dwayne Newton, Nelson McCormick Hancock & Newton, Houston, TX, for Others.

PER CURIAM.

In this mandamus proceeding, Lumbermens Mutual Casualty Company seeks relief from a trial court order striking its petition in intervention. Lumbermens is the insurer of Cudd Pressure Control, Inc. In the underlying lawsuit, which is currently on appeal in the Court of Appeals for the Sixth Judicial District, Cudd was found liable for $20.7 million as the indemnitor of Sonat Exploration Company. Lumbermens posted $29 million in appellate security to secure the judgment pending appeal. After the court of appeals denied Lumbermens' motion to intervene on appeal, Lumbermens sought mandamus relief in this Court in cause number 04–0245, *In re Lumbermens Mutual Casualty Co.*, 184 S.W.3d 718 (Tex.2006) (*Lumbermens I*). While *Lumbermens I* was pending, Sonat filed a motion in the trial court to increase the appellate security to $40 million. Lumbermens sought to intervene in the trial court to contest Sonat's motion after Cudd conceded that an increase in security was warranted. The trial court struck Lumbermens' intervention, and granted Sonat's motion. Lumbermens then filed this petition for writ of mandamus and a motion for temporary injunction *pendente lite*. On January 18, 2006, we granted Lumbermens' motion for temporary relief to preserve the status quo pending our disposition of *Lumbermens I*.

Lumbermens did not seek mandamus relief from the court of appeals before filing its petition in this Court, as Rule 52.3(e) of the Rules of Appellate Procedure requires "unless there is a compelling reason not to do so." Lumbermens argues that it was justified in bypassing the court

of appeals because that court had previously denied it leave to intervene on appeal. In a separate opinion we issue today in *Lumbermens I,* we hold that the court of appeals abused its discretion in denying Lumbermens leave to participate in Cudd's appeal in order to raise a potentially dispositive issue that Cudd agreed to drop in exchange for Sonat's agreement to nonsuit certain uninsured claims Sonat asserted against Cudd in a separate lawsuit. *Lumbermens I,* 184 S.W.3d at 729. In light of this disposition, we deny Lumbermens' petition for writ of mandamus without regard to the merits and without prejudice to Lumbermens' ability to seek relief from the trial court or the court of appeals.