ACCEPTED
06-15-00002-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/12/2015 4:29:33 PM
DEBBIE AUTREY
CLERK

06-15-00002-CV

No. _____

_____

IN THE COURT OF APPEALS FOR THE
SIXTH DISTRICT OF TEXAS
AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/12/2015 4:29:33 PM
DEBBIE AUTREY
Clerk

_____

IN RE KENNETH VERN GIBBS,
  CANDACE GIBBS WALTON

       Defendants / Relators,              Cause no. CV-14-41665

HONORABLE LAURINE J. BLAKE,       The 336th Judicial District Court

       Respondent, and               Fannin County, Texas

PENTEX FOUNDATION and
  JOSHUA UNGER, TRUSTEE of GBU
  FRIENDS AND ASSOCIATES TRUST

       Plaintiffs and Real Parties in Interest.

_____

## RELATORS' MOTION FOR EMERGENCY STAY

_____

ROBERT G. HOGUE, P.C.
4514 Cole Avenue, Suite 600
Dallas, Texas 75205-4193
Phone: (214) 559-7107
Fax:  (214) 559-7101
Email:  robhogue@msn.com

LAW OFFICES OF CHRISTY LEE, P.C.
777 Main Street, Suite 600
Fort Worth, Texas  76102
Telephone: (817) 504-6075
Telecopier: (800) 437-7901
Email:  clee@christyleelaw.com

ATTORNEYS FOR RELATORS / DEFENDANTS KENNETH
  VERN GIBBS AND CANDACE GIBBS WALTON       JANUARY 12, 2015

TO THE HONORABLE SIXTH COURT OF APPEALS, AT TEXARKANA:

Pursuant to Texas Rule of Appellate Procedure 52.10, Relators / Defendants Kenneth Vern Gibbs and Candace Gibbs Walton file this Motion for Emergency Stay in connection with their pending Petition for Writ of Mandamus, and in support would show the following:

1.     This is a lawsuit for alleged breach of a realty and mineral rights contract. The Relators / Defendants sought transfer of venue by motion, on grounds of proper venue in Tarrant County rather than Fannin County. After a hearing on the Relators' motion to transfer, the Fannin County trial court, Honorable Laurine J. Blake, Respondent, granted the motion to transfer venue and ordered the case transferred to Tarrant County by Order signed on September 30, 2014. See Attachment A. The trial court then held a hearing on the Plaintiff and Intervener's motion to reconsider the transfer, and on November 21, 2014 — more than 30 days after signing of the September 30, 2014 transfer Order — signed an "Order on Motion to Reconsider Order to Transfer Venue" [see Attachment B], which purported to vacate the September 30 transfer Order and retain venue in Fannin County.

2.     Because the Respondent's November 21, 2014 "Order on Motion to Reconsider Order to Transfer Venue" was signed after the trial court lost plenary jurisdiction on October 30, 2014 (i.e., thirty days after signing of the original transfer Order), the reconsideration Order is void. *See In re Chester*, 309 S.W.3d 713, 719 (Tex. App.—Houston [14th Dist.] 2010, original proceeding) ("The trial court abused

- 2 -

its discretion by vacating its September 30, 2014 transfer order after its plenary power had expired. The trial court's September 30, 2009 order is void.").[1] Due to the reconsideration Order being void, the Relators need not show lack of adequate remedy on appeal. *See id.* at 715 ("When an order is void, the relator need not show that it did not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)").

3.    The Court of Appeals may grant temporary relief pending its determination of an original proceeding. TEX. R. APP. P. 52.10(b); *see also In re Lumbermens Mut. Cas. Co.,* 184 S.W.3d 729, 730 (Tex. 2006) (orig. proceeding). In the present case, a stay of all litigation events and discovery relating to the Plaintiffs' case is necessary to maintain the status quo, avoid waste of judicial and party resources, ensure compliance with mandatory elements of the Texas Rules of Civil Procedure,[2] and preserve the transferee Court's jurisdiction to consider the merits of the case. *In re Lumbermens,* 184 S.W.3d at 729; *see also In re Reed,* 901 S.W.2d 604, 609 (Tex. App.–San Antonio 1995, orig. proceeding).

---

[1]  A motion to reconsider an order transferring venue does not extend the trial court's plenary power beyond thirty days. *See id.* at 716-19 (citing *In re Darling Homes*, No. 05-05-00497-CV, 2005 WL 1390378 (Tex. App.—Dallas June 14, 2005, orig. proceeding).

[2]  *See* TEX. R. CIV. P. 87 ("The determination of a motion to transfer venue shall be made promptly by the court") and TEX. R. CIV. P. 89 ("If a motion to transfer venue is sustained, the cause shall not be dismissed, but the court **shall** transfer said cause to the proper court; and the costs incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against the plaintiff. The clerk **shall** make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and send it with the original papers in the cause to the clerk of the court to which the venue has been

4. Nor do the Relators need to show prejudice or negate laches in order to obtain mandamus relief. *See In re Chester*, 309 S.W.3d at 718 ("laches is not applicable when the order subject to the mandamus proceeding is void") citing *Zimmerman v. Ottis*, 941 S.W.2d 259, 262 (Tex. App. —Corpus Christi 1996, orig. proceeding) ("Since mandamus relief in the present case is premised on the entry of a void order, it would not serve the interests of justice or those of the parties to invoke laches as an excuse to ignore that order, and thus to allow the parties to expend further time and effort in connection with a lawsuit that must ultimately be dismissed by the [trial] court or reversed on appeal for want of jurisdiction."). However, even if a prejudice showing were required, the Relators would meet it in that absent emergency and mandamus relief, the Relators (as well as the Real Parties in Interest) will have to engage in discovery and prepare for trial in a trial court that lacks jurisdiction. *See id.*

5. The Relators attach a certificate of compliance certifying that on January 5, 2015, their counsel notified the Respondent and the Plaintiffs / Real Parties in Interest by correspondence that a motion for temporary relief would be filed. TEX. R. APP. P. 52.10(a). See Attachment C.

6. Accordingly, in order to avoid waste of judicial and party resources in a trial court that has lost jurisdiction, the Court of Appeals should issue a temporary order staying all proceedings and discovery in the Fannin County trial court pending resolution of the Relators' Petition for Writ of Mandamus.

---

changed.") [emphases supplied]

WHEREFORE, PREMISES CONSIDERED, Relators request that this Motion for Emergency Stay be granted, and that the Court enter an Order staying all discovery, hearing, litigation, and pre-trial and trial scheduling matters in this case pending further order of the Court of Appeals.

Respectfully submitted,

ROBERT G. HOGUE, P.C.

By:    s/ Robert G. Hogue
      Robert G. Hogue
      State Bar No. 09811050

4514 Cole Avenue, Suite 600
Dallas, Texas 75205-4193
Phone: (214) 559-7107
Fax: (214) 559-7101

LAW OFFICES OF CHRISTY LEE, P.C.

By:    s/ Christy L. Lee
      Christy L. Lee
      Texas State Bar No. 24052302

777 Main Street, Suite 600
Fort Worth, Texas 76102

ATTORNEYS FOR RELATORS / DEFENDANTS KENNETH VERN GIBBS AND CANDACE GIBBS WALTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion has been served on the Respondent, the parties and counsel listed below, on this 12th day of January, 2015, as indicated:

Honorable Laurine J. Blake                    Via USPS next-day mail
336th Judicial District Court
101 E. Sam Rayburn Drive, Suite 200
Bonham, Texas 75418

RESPONDENT


Mr. T. Scott Smith                    Via email per Rule 11 Agreement
Attorney and Counselor at Law
120 S. Crockett Street
Sherman, Texas  75090

ATTORNEY FOR THE PLAINTIFF / REAL PARTIES IN INTEREST


Howard Kirk Gibbs                    Via email per Rule 11 Agreement
9929 Crawford Farm Drive
Fort Worth, TX 76244

DEFENDANT, PRO SE


   s/ Christy L. Lee
Christy L. Lee

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared Christy L. Lee, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

My name is Christy L. Lee. I am over 18 years of age, and am competent to make this affidavit. I have personal knowledge of the facts set out in this affidavit, and they are all true and correct. I am an attorney who is licensed to practice law in the State of Texas. I am counsel of record for the Relators / Defendants in this litigation. The facts in this Motion are within my personal knowledge and are true and correct. All of the documents attached to the Motion are true and correct copies.

_____
Christy L. Lee

| STATE OF ALASKA | § |
| | § |
| THIRD JUDICIAL DISTRICT | § |

BEFORE ME, the undersigned authority, on this date personally appeared Christy L. Lee, known to me to be the person whose name is subscribed to the foregoing instrument, and swore and acknowledged that he executed the same and that the statements contained therein are within her personal knowledge and are true and correct.

TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE on this 9th day of January, 2015.

_____
Notary Public, in and for the State of Alaska
My Commission expires: June 15, 2015

## CERTIFICATE OF COMPLIANCE

Under Texas Rule of Appellate Procedure 52.10(a), I certify that on January 5, 2015, I notified the Respondent and counsel for the Plaintiffs / Real Parties in Interest that a motion for temporary relief would be filed.

_____
Christy L. Lee

7

Attachment A

CAUSE NO. CV-14-41665

FILED FOR RECORD
FANNIN COUNTY, TEXAS
2014 SEP 30 PM 3:31
NANCY YOUNG
DISTRICT CLERK
BY_____ DEPUTY

PENTEX FOUNDATION )
    PLAINTIFF, )
 )
VS. )
 )
KENNETH VERN GIBBS; AND )
CANDACE GIBBS WALTON; AND )
HOWARD KIRK GIBBS, )
    DEFENDANTS. )

IN THE DISTRICT COURT

336TH JUDICIAL DISTRICT

FANNIN COUNTY, TEXAS

## ORDER APPROVING KENNETH GIBBS AND CANDACE WALTON'S MOTION TO CHANGE VENUE

On the 30th day of September, 2014, came to be heard Kenneth "Ken" Gibbs and

Candace "Candy" Walton's Motion to Change Venue. Having reviewed the Motion, and upon

consideration of all facts presented, the Court has determined that proper venue for the matter is

Tarrant County, Texas.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:

1.    The Motion to Change Venue is approved;

2.    This matter shall be transferred to _Tarrant_ County, Texas; and

SIGNED this _30_ day of _Sept_ , 2014.

_____
Laurine Blake, Presiding Judge

650



Attachment B

NO. CV-14-41665

| | | |
|---|---|---|
| PENTEX FOUNDATION, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | FANNIN COUNTY, TEXAS |
| KENNETH VERN GIBBS, CANDACE | § | |
| GIBBS WALTON and HOWARD | § | |
| KIRK GIBBS, *Defendants* | § | 336th JUDICIAL DISTRICT |

## ORDER ON MOTION TO RECONSIDER
## ORDER TO TRANSFER VENUE

On November 12, 2014, came on to be considered the Motion to Reconsider Order to Transfer Venue, filed by Pentex Foundation, Plaintiff, and Joshua Unger, Trustee of GBU Friends and Associates Trust, Intervenor. The Court, having considered the motion, is of the opinion that it should be granted and that the following orders should be entered.

It is therefore ORDERED that the Order Approving Kenneth Gibbs and Candace Walton's Motion to Change Venue, signed on September 30, 2014, is vacated and withdrawn.

It is further ORDERED that the Motion to Change Venue filed by Kenneth Gibbs and Candace Walton is in all things denied.

SIGNED November 21, 2014.

_____
LAURINE J. BLAKE, JUDGE PRESIDING

ORDER ON MOTION TO CHANGE VENUE ... PAGE 1

751



APPROVED AS TO FORM ONLY:

_____
Scott Smith, Attorney for Plaintiff and Intervenor

_____
Christy Lee, Attorney for Defendants

_____
Howard Gibbs, Pro Se

ORDER ON MOTION TO CHANGE VENUE ... PAGE 2

752

Attachment C

# LAW OFFICES OF
# Christy Lee
### P.C.



CHRISTY L. LEE
*Attorney*

225 E. Fireweed Lane, Ste. 200
Anchorage, Alaska 99503
Phone: 907.339.9931
Fax: 800.437.7901

777 Main Street, Ste. 600
Fort Worth, Texas 76102
Phone: 817.504.6075
Fax: 800.437.7901

clee@christyleelaw.com
www.christyleelaw.com

January 5, 2015

**via Fax: 903-640-1826**
Judge Blake
101 E. Sam Rayburn Drive, Suite 200
Bonham, TX 75418

**via email**
Scott Smith
P.O. Box 354
Sherman, TX 75091-0354

**via email**
Howard Kirk Gibbs
9929 Crawford Farm Drive
Forth Worth, TX 76244

Re: Cause No. CV-14-41665
Pentex Foundation vs. Kenneth Vern Gibbs, et al.

To Whom This May Concern:

Kenneth Gibbs and Candace Walton, Defendants / Relators will be filing a Motion for Emergency Stay in the Court of Appeals for the Sixth District of Texas, at Texarkana, in this matter.

If you have any questions, please contact our office.

Very truly yours,

LAW OFFICES OF CHRISTY LEE, P.C.

Christy L. Lee