**In re Curtis and Shelley CHESTER, Relators.**

No. 14–09–00976–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 26, 2010.

John Matthew Rogers, Weatherford, for relators.

H David Flowers, Joshua William Carden, Richard Wayne Jones, Leigh Anne Jones, Weatherford, Ben L. Aderholt, Houston, for respondent.

Panel consists of Justices YATES, FROST, and BROWN.

## OPINION

LESLIE B. YATES, Justice.

On November 18, 2009, relators, Curtis and Shelley Chester, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); *see also* Tex.R.App. P. 52. In the petition, relators ask this Court to compel the Honorable Mike Engelhart, presiding judge of the 151st District Court of Harris County, to set aside as void his September 30, 2009 order in which he vacated his August 28, 2009 order transferring venue to Parker County, Texas. We conditionally grant the writ.

### BACKGROUND

On April 13, 2009, Cemex Construction Materials South, LLC filed suit against relators and American Concrete & Gunite, LP, Richard Wayne Jones, and Leigh Anne Jones for payment of goods under a guaranty agreement. On June 9, 2009, relators filed a motion to transfer venue to Parker County, Texas and an original answer, and noticed the hearing on the motion for August 10, 2009. The other defendants filed an original answer, but no motion to transfer venue.[1] On August 7, 2009, Cemex filed a motion for leave to file its response to relators' motion to transfer venue, asserting that "corporate summer vacations at Cemex" contributed to the late filing of its response. On August 28, 2009, the trial court denied Cemex's motion for leave to file its response to the motion to transfer venue.

On August 28, 2009, the trial court granted relators' motion to transfer venue to Parker County, and directed that "[t]he

District Clerk shall transmit a certified copy of the file in this matter to the District Clerk of Parker County." On September 1, 2009, the file was transmitted to Parker County.

On September 2, 2009, Cemex filed a motion to reconsider the August 28, 2009 venue transfer order. At the September 29, 2009 hearing on Cemex's motion to reconsider, relators argued that the trial court had lost jurisdiction to reconsider the order because thirty days had passed since the trial court had signed the transfer order. Cemex argued that its motion for reconsideration extended the trial court's plenary power beyond thirty days. On September 30, 2009, the trial court signed the order vacating its August 28, 2009 transfer order.

### STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding). When an order is void, the relator need not show that it did not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell. Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig. proceeding) (per curiam).

---

1. On August 10, 2009, counsel for American Concrete & Gunite, L.P. informed the trial court by letter that American Concrete supported the motion to transfer venue.

## ANALYSIS

### Plenary Jurisdiction

■ Relators contend that the trial court's September 30, 2009 order is void because the court had lost plenary jurisdiction to set aside the transfer order thirty days after it was signed. The trial court has plenary power to grant a new trial or vacate, modify or reform the judgment within thirty days after the judgment is signed. Tex.R. Civ. P. 329b(d). Although a transfer order does not fall within the purview of a judgment under Rule 329b, the Supreme Court of Texas has applied Rule 329b(d) to transfer orders. *See HCA Health Servs. of Tex., Inc. v. Salinas,* 838 S.W.2d 246, 248 (Tex.1992) (orig. proceeding) (per curiam). Under Rule 329b(e), if a motion for new trial is timely filed, the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by written and signed order or by operation of law, whichever occurs first. Tex.R. Civ. P. 329b(e). Cemex argues that, under Rule 329b(e), its motion for reconsideration extended the trial court's plenary power beyond thirty days after the signing of the transfer order. Therefore, the issue before this Court is whether Cemex's motion for reconsideration extended the trial court's plenary power beyond thirty days, thereby giving the trial court jurisdiction to vacate its August 28, 2009 transfer order.

■ Once the trial court has ruled on proper venue, that decision cannot be the subject of an interlocutory appeal. *In re Team Rocket, L.P.,* 256 S.W.3d at 259. Rule 87 provides that "if an action has been transferred to a proper county in response to a motion to transfer, then no further *motions to transfer* shall be considered.'" *Id.* at 260 (quoting Tex.R. Civ. P. 87(5)). Although a trial court's ruling transferring venue is interlocutory for the parties, and not subject to immediate appeal, the order is final for the transferring court as long as it is not altered within the court's thirty-day plenary jurisdiction. *Id.; In re Sw. Bell Tel. Co.,* 35 S.W.3d at 605. A court retains plenary jurisdiction to correct its error for thirty days after the order of transfer is signed. *Salinas,* 838 S.W.2d at 248.

The Dallas Court of Appeals, in *In re Darling Homes,* addressed whether Rule 329b(e) extends the plenary power of the trial court to set aside a transfer order when a motion to reconsider is filed. No. 05-05-00497-CV, 2005 WL 1390378 (Tex. App.-Dallas June 14, 2005, orig. proceeding [mand. denied]) (mem. op.). In that case, after Hernandez filed suit in Dallas County, the trial court granted the defendants' motion to transfer the case to Collin County on August 3, 2004. *Id.* at *1. On September 27, 2004, the trial court granted Hernandez's motion to reconsider the transfer, vacating the transfer to Collin County. *Id.* Hernandez argued that the filing of the motion to reconsider eight days after the trial court signed the transfer order acted as a motion for new trial and extended the trial court's plenary power by 105 days pursuant to Rule 329b(e). *Id.* at *2. The Dallas Court of Appeals declined to apply Rule 329b(e) to extend the trial court's jurisdiction after the signing of an order transferring venue to another county. *Id.*

The court of appeals observed that (1) an objection to improper venue is waived if not made by written motion filed before or concurrently with any other plea, pleading, or motion except a special appearance; (2) once a motion is filed, it is to be determined "promptly"; (3) except for the inability to obtain a fair trial, only one motion to transfer is allowed in any case; (4) even if a party is added after the first motion is

filed, he cannot file a subsequent motion to transfer except on the ground of inability to obtain a fair trial; and (5) interlocutory appeals are prohibited. *Id.* (citing Tex.R. Civ. P. 86(1); 87(1), (5), and (6)). The court explained the rationale for not expanding the trial court's jurisdiction beyond thirty days with regard to a venue transfer order:

> These restrictions reflect the supreme court's desire for rapid disposition of a motion to transfer. Were we to accept Hernandez's argument, litigation could be stalled for 105 days while the transferring court decides whether it will rescind its order. During that time, the receiving court is not obligated to take any action. Such delay is not an efficient use of judicial resources. Accordingly, we conclude a trial court's plenary jurisdiction is not extended by a motion to reconsider an order transferring venue.

*Id.* at *3.

We find the reasoning in *Darling Homes* to be persuasive. Cemex suggests that the transferee court is required to hold the case in abeyance until the transferor court rules on a motion for rehearing. However, allowing an extension of the trial court's plenary jurisdiction beyond thirty days would render meaningless Rule 89, which sets forth the procedures for the transferor and transferee courts to follow after the motion to transfer venue has been sustained. Tex.R. Civ. P. 89. Rule 89, entitled "Transferred if Motion is Sustained," states, in relevant part:

> ... After the cause has been transferred, as above provided for the clerk of the court to which the cause has been transferred shall mail notification to the plaintiff or his attorney that transfer of the cause has been completed, *that the filing fee in the proper court is due and payable within thirty days from the mailing of such notification,* and that the case may be dismissed if the filing fee is not timely paid; and *if such filing fee is timely paid, the cause will be subject to trial at the expiration of thirty days after the mailing of notification to the parties or their attorneys by the clerk that the papers have been filed in the court to which the cause has been transferred;* and if the filing fee is not timely paid, any court of the transferee county to which the case might have been assigned, upon its own motion or the motion of a party, may dismiss the cause without prejudice to the refiling of same.

Tex.R. Civ. P. 89 (emphasis added).

Rule 89 triggers the time frame in which the transferee court can take action on the transferred case. Under Rule 89, after the case has been transferred, the filing fee is due within thirty days from the mailing of the notification to the parties that the transfer of the case has been completed. *Id.* If the filing fee is not timely paid, the case may be dismissed without prejudice to refiling. *Id.* If the filing fee is timely paid, the case will be subject to trial thirty days after the mailing of the notification to the parties. *Id.* Therefore, if a motion for rehearing of an order transferring venue extends the trial court's plenary power beyond thirty days, the transferring court would have up to 105 days to set aside the venue transfer order, even though the case would be "subject to trial" in the transferee court—long before the expiration of the 105 days. It would not be feasible for the transferee court to hold the transferred case in abeyance during the time in which the first court is deciding venue on rehearing. Such a procedure would be contrary to policy that the venue determination be made early in the case. *See In re Darling*

*Homes,* 2005 WL 1390378, at *2. Moreover, such a reading is not supported by the plain language of Rule 89.

Cemex asserts that the trial court "only loses jurisdiction once it has disposed of timely filed motions to reconsider rather than when it mails records to another court." In support of this contention, Cemex relies on the supreme court's decision in *Salinas,* in which the trial court set aside its transfer order *seven days* after signing it. 838 S.W.2d at 247. However, the transferee court refused to return the record to the transferring court. *Id.* While the trial court retained plenary jurisdiction to correct the error for thirty days after the transfer order was signed, "[t]he clerk could not curtail the court's jurisdiction by transferring the papers in the case to another county." *Id.* at 248. Here, the case file was sent to the 43rd District Court of Parker County on September 1, 2009—well within the thirty-day period in which the trial court had plenary power following the signing of the transfer order. Thus, the trial court's lack of jurisdiction is not based on when the 43rd District Court received the case file, but on the expiration of its plenary power after thirty days.

We hold that the filing of the motion for reconsideration did not extend the trial court's plenary power. Therefore, the trial court was without jurisdiction to set aside the August 28, 2009 transfer order thirty days after it was signed and the September 30, 2009 order is void.[2]

## Laches

 Cemex contends that relators' request for relief is barred by laches because they waited forty-eight days to file their petition after the trial court signed the September 30, 2009 order and Cemex, in good faith, changed its position to its detriment because of relators' delay. Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. *In re Int'l Profit Assocs., Inc.,* 274 S.W.3d 672, 676 (Tex.2009) (orig. proceeding) (per curiam). One such principle is "[e]quity aids the diligent and not those who slumber on their rights.'" *Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex.1993) (orig. proceeding) (quoting *Callahan v. Giles,* 137 Tex. 571, 155 S.W.2d 793, 795 (1941) (orig. proceeding)). A delay in the filing of a petition for writ of mandamus may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profits Assocs., Inc.,* 274 S.W.3d at 676. However, laches is not applicable when the order subject to the mandamus proceeding is void. *See Zimmerman v. Ottis,* 941 S.W.2d 259, 262 (Tex.App.-Corpus Christi 1996, orig. proceeding) ("Since mandamus relief in the present case is premised on the entry of a void order, it would not serve the interests of justice or those of the parties to invoke laches as an excuse to ignore that order, and thus to allow the parties to expend further time and effort in connection with a lawsuit that must ultimately be dismissed by the Collin County court or reversed on appeal for want of jurisdiction.").

---

**2.** Cemex cites several cases in support of its position that its motion for reconsideration extended the trial court's plenary beyond thirty days after signing the transfer order. *See Wichita Falls & S.R. Co. v. McDonald,* 141 Tex. 555, 174 S.W.2d 951 (1943) (orig. proceeding); *Murphy v. Brown,* 131 Tex. 121, 113 S.W.2d 1212 (1938) (orig. proceeding); *U.S. Resources, Inc. v. Placke,* 682 S.W.2d 403 (Tex.App.-Austin 1984, orig. proceeding); *Duncan v. Glasscock,* 118 S.W.2d 658 (Tex. Civ.App.-Dallas 1938, no writ); *In re Ashley,* No. 13–09–00022–CV, 2009 WL 332312 (Tex. App.-Corpus Christi Feb. 10, 2009, orig. proceeding) (mem. op.). However, after reviewing the cited cases, we conclude they are distinguishable from this case and, therefore, do not lend support to Cemex's position.

Therefore, laches is not a bar to mandamus relief in this case.

### CONCLUSION

The trial court abused its discretion by vacating its August 28, 2009 transfer order after its plenary power had expired. The trial court's September 30, 2009 order is void. Accordingly, we conditionally grant relators' petition for writ of mandamus and direct the trial court to set aside its September 30, 2009 order. The writ will issue only if the trial court fails to act in accordance with this opinion. We lift our stay issued on November 20, 2009.[3]

---

3. Relators have filed a motion for expanded order of stay or alternatively for writ of injunction with this Court. The relief sought in that motion is best addressed by the 43rd District Court of Parker County. We deny the motion.