

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00002-CV

_____

IN RE KENNETH VERN GIBBS AND CANDACE GIBBS WALTON

_____

Original Mandamus Proceeding

_____

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

On September 30, 2014, the lawsuit of Pentex Foundation, alleging that Kenneth Vern Gibbs and Candace Gibbs Walton breached a contract regarding realty and mineral rights, was transferred from Fannin County to Tarrant County. Fifty-two days later, on November 21, 2014, an order was entered purporting to vacate the transfer order and to return the case to Fannin County.[1] This mandamus proceeding asks that we direct that the underlying lawsuit be handled in Tarrant County pursuant to the order of September 30, on the basis that the order of November 21 is void.[2] Because the order of November 21, 2014, was issued after the trial court had lost jurisdiction to vacate the earlier order, we conditionally grant the petition for writ of mandamus.

The issuance of a void order is an abuse of discretion.[3] *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (per curiam) (orig. proceeding); *see In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding). "Mandamus is proper if a trial court issues an order beyond its jurisdiction." *Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

---

[1]On October 3, 2014, Pentex filed its motion to reconsider the trial court's venue transfer order, and on November 12, 2014, the trial court held a hearing on the motion to reconsider.

[2]Relator asks this Court to issue a writ of mandamus ordering the trial court to cease all further activity in the case and to physically transfer the file to Tarrant County.

[3]"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law." *In re Ingram*, 433 S.W.3d 769, 771 (Tex. App.—Texarkana 2014, orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Such occurs when a decision "fails to correctly analyze or apply the law." *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *see Walker v. Parker*, 827 S.W.2d 833, 839 (Tex. 1992).

Here, the November order appears to be an attempt to correct a perceived mistake in the September transfer order, but was issued more than thirty days after the earlier order. And, although plenary jurisdiction existed to correct the transfer order for thirty days after its issuance, that jurisdiction expired after thirty days. *See id.* (after trial court grants motion to transfer venue, it retains plenary jurisdiction over case for thirty days); *HCA Health Servs. of Tex., Inc. v. Salinas*, 838 S.W.2d 246, 248 (Tex. 1992) (per curiam) (orig. proceeding) (same).

The fact that the motion to reconsider was filed while there was plenary jurisdiction is of no consequence. We agree with the reasoning of our sister courts that Rule 329b(e) of the Texas Rules of Civil Procedure[4] does not extend the jurisdiction of a trial court to vacate a transfer order when a motion to reconsider is filed. *In re Chester*, 309 S.W.3d 713, 718 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding); *In re Darling Homes*, No. 05-05-00497-CV, 2005 WL 1390378, at *1 (Tex. App.—Dallas June 14, 2005, orig. proceeding) (mem. op.). *Darling Homes* relied on certain restrictions in the Rules of Civil Procedure[5] that "reflect the supreme

---

[4]Rule 329b(e) provides for an extension of the trial court's plenary power until thirty days after all timely-filed motions "to grant a new trial or to vacate, modify, correct or reform the judgment . . . are overruled, either by a written and signed order or by operation of law, whichever occurs first." TEX. R. CIV. P. 329b(e).

[5]The Dallas Court reasoned,

> Under rule 86, an objection to improper venue is waived if not made by written motion filed before or concurrently with any other plea, pleading, or motion except a special appearance. TEX. R. CIV. P. 86.1. Once a motion is filed, it is to be determined "promptly." TEX. R. CIV. P. 87.1. Except for inability to obtain a fair trial, only one motion to transfer is allowed in any case. TEX. R. CIV. P. 87.5. In fact, even if a party is added after the first motion is filed, he cannot file a subsequent motion to transfer except on the ground of inability to obtain a fair trial. *Id.* Finally, interlocutory appeals are prohibited. TEX. R. CIV. P. 87(6).

*Darling Homes*, 2005 WL 1390378, at *2.

court's desire for rapid disposition of a motion to transfer venue" in determining that a motion to reconsider an order transferring venue does not extend the trial court's plenary jurisdiction. *Darling Homes*, 2005 WL 1390378, at *2. In addition to these restrictions, Rule 89 of the Texas Rules of Civil Procedure sets out the time frame in which the transferee court can take action on the transferred case and provides that the filing fee is due within thirty days from the mailing of the notification to the parties that the transfer has been completed. TEX. R. CIV. P. 89. Further, once the filing fee is timely paid, "the cause will be subject to trial at the expiration of thirty days after the mailing of notification to the parties . . . that the papers have been filed in the court to which the cause has been transferred." *Id.* As recognized in *Chester*,

> if a motion for rehearing of an order transferring venue extends the trial court's plenary power beyond thirty days, the transferring court would have up to 105 days to set aside the venue transfer order, even though the case would be "subject to trial" in the transferee court—long before the expiration of the 105 days. It would not be feasible for the transferee court to hold the transferred case in abeyance during the time in which the first court is deciding venue on rehearing. Such a procedure would be contrary to policy that the venue determination be made early in the case.

*Chester*, 309 S.W.3d at 717. We conclude that the filing of the motion for reconsideration in this case did not extend jurisdiction beyond October 30.

Pentex contends, though, that, because the physical file was not shipped to Tarrant County, venue was not actually transferred to Tarrant County. To support this contention, Pentex relies on Rule 87(5) of the Texas Rules of Civil Procedure, which provides,

> If venue has been sustained as against a motion to transfer, or *if an action has been transferred to a proper county in response to a motion to transfer*, then no further motions to transfer shall be considered regardless of whether the movant was a party to the prior proceedings or was added as a party subsequent to the

4

> venue proceedings, unless the motion to transfer is based on the grounds that an impartial trial cannot be had under Rules 257-259 or on the ground of mandatory venue, provided that such claim was not available to the other movant or movants.

TEX. R. CIV. P. 87(5) (emphasis added). Pentex argues that the italicized language contemplates actual, physical transfer of the file as a prerequisite to a transfer. We disagree.[6] *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding) (transfer order "is final for the reviewing court as long as it is not altered within the court's thirty-day plenary jurisdiction"); *cf. Chester*, 309 S.W.3d at 718 ("trial court's lack of jurisdiction is not based on when the . . . Court received the case file, but on the expiration of its plenary power after thirty days."). The failure to transfer the physical file from Fannin County to Tarrant County affects neither the finality of the transfer order nor the transferring court's plenary jurisdiction.

Finally, Pentex contends that, because the transfer order did not include certain findings required under Section 15.002(b) of the Texas Civil Practice and Remedies Code, the order is invalid and failed to affect a transfer of the matter to Tarrant County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(b) (West 2002). This section of the Code permits a transfer where the court finds certain facts exist. The Texas Civil Practice and Remedies Code does not explicitly require the findings to be set out in the order, and Pentex cites no authority to support the proposition that omission of findings from the order renders the order invalid. *Cf. Garza v. Garcia*, 137 S.W.3d 36, 38–39 (Tex. 2004) (where motion asserts both improper venue and

---

[6]If the Rule contemplated the transfer to be effective only on a physical transfer of the file, the time of transfer would be dependent on the actions of the transferring court clerk, who would, in essence, be in a position to extend the trial court's plenary power indefinitely. This is contrary to "policy that the venue determination be made early in the case." *Chester*, 309 S.W.3d at 717. The transferring court clerk's duty to physically transfer the file following a transfer order is ministerial.

inconvenience, and trial court grants motion without specifying grounds, court may presume order was granted on convenience grounds).

The purported vacation of the order of September 30, 2014, after jurisdiction had expired, rendered the November 21, 2014, order void. We conditionally grant the petition for writ of mandamus and direct the trial court to set aside its order of November 21 and to transfer the physical file in this case to the transferee court in Tarrant County. To the extent of these directives only, we lift our stay order issued January 15, 2015. The writ will issue only if the trial court fails to act in accordance with this opinion.

Josh R. Morriss, III
Chief Justice

Date Submitted:      January 29, 2015
Date Decided:        January 30, 2015

6