**Reversed and Remanded and Opinion filed November 19, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00094-CV

**ALAN  NELSON CROTTS, Appellant**

**V.**

**JESSALYN  ELIZABETH COLE, Appellee**

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 73368**

# O P I N I O N

A man sued a woman he alleged was his wife, asserting various claims for money damages.  The trial court ultimately dismissed the action for lack of jurisdiction.  On appeal, the plaintiff asserts that the trial court erred in doing so, and the defendant asserts that the plaintiff failed to timely appeal.  We conclude that the plaintiff timely appealed and that the trial court erred in dismissing for lack of jurisdiction.  Accordingly, we reverse the trial court's dismissal order and remand for further proceedings.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Alan Nelson Crotts, acting pro se, filed suit against appellee/defendant Jessalyn Elizabeth Cole, claiming that Cole was Crotts's wife and asserting various claims for money damages against Cole. Cole denied ever being married to Crotts. Cole asserted that none of Crotts's claims against her had any basis in law or fact, and she moved to dismiss these claims under Texas Rule of Civil Procedure 91a. Crotts filed a written opposition to the motion, but did not appear at the oral hearing.

The trial court signed a final order on October 14, 2013, granting Cole's motion and dismissing all of Crotts's claims under Rule 91a. The trial court did not dismiss any of Crotts's claims for want of prosecution. Later that day, Crotts filed a "Motion to Reinstate," in which he asserted that he did not appear at the hearing on the motion to dismiss because he was mistaken as to the time of the hearing. Crotts moved the trial court to reinstate the case under Texas Rule of Civil Procedure 165a(3), which applies to dismissals for want of prosecution.

Crotts filed a "First Amended Motion to Reinstate and Motion to Quash," on November 12, 2013, adding an argument that the trial court should have denied Cole's Rule 91a motion and adding a request that the trial court "quash" its dismissal order under Rule 91a and Cole's motion to dismiss. Cole opposed Crotts's motion on various grounds and argued that a reinstatement under Rule 165a(3) would be improper because the trial court dismissed Crotts's claims under Rule 91a rather than for want of prosecution under Rule 165a. The trial court signed an order on December 6, 2013, reinstating Crotts's claims for defamation and breach of contract on the court's docket (the "Reinstatement Order"). Cole then filed a motion in which she asked the trial court to declare that the

2

Reinstatement Order was void, to vacate the Reinstatement Order, and to dismiss the action for lack of jurisdiction. On January 27, 2014, the trial court signed a final order in which it granted Cole's motion, declared that the Reinstatement Order was void, and dismissed the action. Two days later, Crotts perfected this appeal from the trial court's final order.

## II. ANALYSIS

On appeal, Crotts presents four appellate issues and asserts, among other things, that the trial court erred in signing its final order of January 27, 2014. Cole argues that this court lacks appellate jurisdiction because Crotts did not timely appeal. We address appellate jurisdiction first.

### A. Does this court have appellate jurisdiction?

Under the unambiguous language of the trial court's October 14, 2013 order, the trial court dismissed all of Crotts's claims under Rule 91a; the trial court did not dismiss any of Crotts's claims for want of prosecution. *See Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997) (requiring appellate courts to give effect to unambiguous language of trial-court orders) (per curiam).

In his "First Amended Motion to Reinstate and Motion to Quash," Crotts asserted that he did not appear at the hearing on the motion to dismiss because he was mistaken as to the time of the hearing, and he argued that the trial court should have denied Cole's Rule 91a motion. Crotts asked the trial court to reinstate the case on its docket under Rule 165a(3) and to "quash" the order dismissing Crotts's claims under Rule 91a. Crotts submitted a proposed order with his amended motion. That proposed order contains language stating that a dismissal under Rule 91a is not applicable to this case because Crotts's claims are based on law and fact and, if taken as true, would entitle Crotts to the relief sought. There is also

language by which the trial court would order the Rule 91a motion and dismissal order to be "quashed." One dictionary defines the infinitive "to quash" to mean "to put an end to: make void: ABATE, ANNUL, OVERTHROW." Webster's Third New Int'l Dictionary 1861 (1993).

Even if part of Crotts's motion was a motion to reinstate under Rule 165a(3), the substance of the motion also included Crotts's request for a substantive change to the trial court's final dismissal order under Rule 91a.[1] *See In re Estate of Gibbons*, 451 S.W.3d 115, 124 (Tex. App.—Houston [14th Dist.] 2014, pet denied) (stating that courts give effect to the substance of a motion rather than to its form or title). Crotts filed this motion within thirty days of the trial court's rendition of the final dismissal order under Rule 91a. Therefore, the substance of this filing included a timely motion to modify the trial court's final order that extended the trial court's plenary power over its final order.[2] *See* Tex. R. Civ. P. 329b(g); *Lane Bank Equipment Co. v. Smith Southern Equipment, Inc.*, 10 S.W.3d 308, 313–14 (Tex. 2000) (holding that a timely filed postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g) that extends the trial court's plenary power over the judgment); *Mann v. Kendall Home Builders Construction Partners I, Ltd.*, 464 S.W.3d 84, 89 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding that motion was a

---

[1] Cole argues that the substance of Crotts's amended motion does not include a motion for new trial under this court's decision in *Mercer v. Band*. *See* 454 S.W.2d 833, 835–36 (Tex. Civ. App.—Houston [14th Dist.] 1970, no writ). Presuming for the sake of argument that the legal standard in *Mercer* applies to the determination of whether a motion includes a motion for new trial, the *Mercer* case is not on point; we are determining whether the amended motion included a motion to modify, correct, or reform the judgment or a motion for new trial that would extend plenary power under Texas Rule of Civil Procedure 329b. *See* Tex. R. Civ. P. 329b (e), (g).

[2] Cole argues that the substance of this part of the amended motion is a further response in opposition to her motion to dismiss under Rule 91a. We disagree. The amended motion sought relief from the trial court's order; the trial court already had granted Cole's motion to dismiss Crotts's claims under Rule 91a.

4

motion to modify that extended the trial court's plenary power because motion sought substantive change in judgment, even though motion did not contain an explicit request for a modification of the judgment); *Kashan v. McLane Co.*, No. 03-11-00125-CV, 2012 WL 2076821, at \*2 (Tex. App.—Austin 2012, no pet.) (holding that motion asking court to vacate the judgment was a motion to modify that extended the trial court's plenary power because motion sought substantive change in the judgment).[3]

Because Crotts's motion extended the trial court's plenary power over its order, the trial court still had plenary power when it signed the Reinstatement Order on December 6, 2013. In that order, the trial court found that Crotts's failure to appear for the hearing on the Rule 91a motion was not intentional or the result of conscious indifference. The trial court ordered that "pursuant to Rule 165a(3) of the Texas Rules of Civil Procedure and applicable Texas state case law, this case be reinstated on the Court's docket, effective immediately[] only as to the Causes of Action alleging Defamation and Breach of Contract."[4] Because the trial court had dismissed all of Crotts's claims under Rule 91a rather than for want of prosecution under Rule 165a, the wording of the Reinstatement Order is unusual. Nonetheless, in the Restatement Order, the trial court necessarily modified its prior final order so that it no longer dismissed Crotts's claims for defamation and breach of contract. *See Urelift Gulf Coast, L.P. v. Bennett*, No. 14-13-0949-CV, 2015 WL

---

[3] Cole relies upon *First Freeport Nat'l Bank v. Brazoswood Nat'l Bank*, in which this court concluded that a motion seeking a completely different judgment than the judgment the trial court had rendered was not a motion to modify and did not extend the appellate deadlines under Rule 329b. *See* 712 S.W.2d 168, 169–70 (Tex. App.—Houston [14th Dist.] 1986, no writ). But this precedent conflicts with subsequent precedent from the Supreme Court of Texas and is no longer good law on this point. *See Lane Bank Equipment Co.*, 10 S.W.3d at 313–14; *Mann*, 464 S.W.3d at 89; *Kashan*, 2012 WL 2076821, at \*2.

[4] (emphasis omitted).

495020, at \*2 (Tex. App.—Houston [14th Dist.] Feb. 5, 2015, no pet.) (mem. op.). This action meant that there no longer was a final judgment in the case and that there no longer was any timetable for the expiration of the trial court's plenary power under Rule 329b.[5] *See In re Fischer*, No. 14-11-0482-CV, 2011 WL 2899138, at \*2 (Tex. App.—Houston [14th Dist.] Jul. 21, 2011, orig. proceeding [mand. denied]) (holding that Rule 329b applies only to final judgments) (mem. op.).

Cole then filed a "Motion To Dismiss for Lack of Jurisdiction." In this motion, Cole asked the court to dismiss "this action" for lack of jurisdiction. Cole argued that the trial court's plenary power had expired on November 13, 2013, and that the trial court lacked plenary power to render the Reinstatement Order. Cole asked the trial court to declare that the Reinstatement Order was void, to vacate the Reinstatement Order, and to dismiss the action for lack of jurisdiction.

The trial court signed a final order in which it granted Cole's motion, declared that the Reinstatement Order was void, vacated that order, and dismissed the "cause." The trial court later issued findings of fact and conclusions of law, in which it stated that it did not have plenary power to render the Reinstatement Order because neither the motion to reinstate nor the amended motion to reinstate was properly verified as required by Rule 165a and therefore neither motion extended the trial court's plenary power beyond November 13, 2013.

We conclude that, in the January 27, 2014 order, the trial court declared the Reinstatement Order void and dismissed all of Crotts's claims for lack of

---

[5] Cole argues that even if Crotts's amended motion extended the trial court's plenary power, the plenary power still would have expired on January 5, 2014, thirty days after the Reinstatement Order. This argument lacks merit because the result of the Reinstatement Order was that, until the trial court's January 27, 2014 order, there was no final judgment that would trigger a new timetable for the expiration of the trial court's plenary power under Rule 329b.

6

jurisdiction, necessarily vacating the trial court's order of October 14, 2013, in which the court dismissed all of Crotts's claims under Rule 91a. *See Urelift Gulf Coast, L.P.*, 2015 WL 495020, at *2. The trial court had not lost plenary power when it signed the January 27, 2014 order, dismissing the entire action for lack of jurisdiction.[6] Crotts timely perfected an appeal from this order two days after the trial court rendered it.

Cole asserts that the trial court's plenary power expired on November 13, 2013, because Crotts filed no motion that would extend the trial court's plenary power beyond that date. In support of this argument, Cole relies on a line of cases that applies in the context of a final order dismissing all claims for want of prosecution. In this context, courts have held that a motion for reinstatement is the only remedy available to a party whose claims have been dismissed for want of prosecution. *Watson v. Clark*, No. 14-14-00031-CV, 2015 WL 780563, at *1 (Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) (mem. op.). In addition, courts have concluded that any postjudgment motion in which the movant seeks to change a final order dismissing claims for want of prosecution is a motion to reinstate and that a motion to reinstate not properly verified does not extend the trial court's plenary power. *See id*. at *2. Cole correctly notes that neither Crotts's "Motion to Reinstate" nor his "First Amended Motion to Reinstate and Motion to Quash" was properly verified. But, the line of cases on which Cole relies applies only to a dismissal for want of prosecution. *See id*. at *1–2. The trial court did not dismiss any claims for want of prosecution, and therefore this line of cases does not apply. *See id*. Though Crotts did move to reinstate under Rule 165a, which

---

[6] In any event, even after the apparent expiration of plenary power over a judgment, a trial court still may sign an order declaring its prior judgment in the case to be void because the trial court lacked subject-matter jurisdiction to render the judgment. *In re Martinez*, — S.W.3d. —, —, 2015 WL 5770829, at *2 (Tex. App.—Houston [14th Dist.] (Oct. 1, 2015, orig. proceeding).

applies only to dismissals for want of prosecution, this action did not transform the trial court's dismissal order under Rule 91a into a dismissal for want of prosecution under Rule 165a.[7]

Cole also cites the line of cases in which courts have held that trial courts lose plenary power over a case thirty days after signing an order transferring venue, even if parties file motions during this period seeking reconsideration or modification of the venue-transfer order. *See In re Chester*, 309 S.W.3d 713, 716–18 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). Cole argues that this line of cases should be extended to orders dismissing all claims under Rule 91a, and therefore, no motion could have extended the trial court's plenary power beyond November 13, 2013. This argument appears to raise an issue of first impression in Texas.

The line of cases upon which Cole relies rests on the language of Texas Rule of Civil Procedure 89 and considerations relating to venue-transfer orders. *See id*. Rule 91a requires Rule 91a motions to be filed within sixty days after the first pleading containing the challenged claim is served on the movant and ruled on within forty-five days after filing. Tex. Civ. P. 91a.3. Nonetheless, Rule 91a does not contain any language like that in Rule 89, upon which this court relied in the *In re Chester* case. *See* Tex. Civ. P. 91a, 89; *In re Chester*, 309 S.W.3d at 716–18. Nothing in Rule 91a or in the nature of a final order dismissing all claims under Rule 91a would justify an exemption of such an order from application of Rule

---

[7] As discussed above, under the legal standard applicable outside of the dismissal-for-want-of-prosecution context, the substance of Crotts's amended motion also included a timely motion to modify the trial court's final order that extended the trial court's plenary power over its October 14, 2013 order. *See Lane Bank Equipment Co.*, 10 S.W.3d at 313–14; *Mann*, 464 S.W.3d at 89; *Kashan*, 2012 WL 2076821, at *2.

329b. *See* Tex. Civ. P. 91a, 329b; *In re Chester*, 309 S.W.3d at 716–18. Therefore, we conclude that final Rule 91a dismissal orders are subject to Rule 329b. *See In re Fischer*, 2011 WL 2899138, at *2.

Crotts timely appealed from the trial court's final order of January 27, 2014. Thus, this court has jurisdiction over Crotts's appeal.

## B. Did the trial court err in signing the final jurisdictional dismissal order?

In its final order, the trial court vacated its Reinstatement Order and declared it to be void. The trial court based its action on Cole's argument that the trial court lost plenary power on November 13, 2013. As discussed in the previous section, the substance of Crotts's amended motion included a timely motion to modify the trial court's final order that extended the trial court's plenary power over its October 14, 2013 order beyond November 13, 2013. *See Lane Bank Equipment Co.*, 10 S.W.3d at 313–14; *Mann*, 464 S.W.3d at 89; *Kashan*, 2012 WL 2076821, at *2. The trial court had plenary power and jurisdiction to render the Reinstatement Order, and the trial court erred in vacating that order and declaring it to be void. *See Lane Bank Equipment Co.*, 10 S.W.3d at 313–14; *Watson*, 2015 WL 780563, at *1–2; *Mann*, 464 S.W.3d at 89; *Kashan*, 2012 WL 2076821, at *2. The trial court had jurisdiction over Crotts's claims against Cole, and the trial court erred in dismissing the claims for lack of jurisdiction. *See* Tex. Const. art V, §8; Tex. Gov't Code §§ 24.007, 24.008 (West Supp. 2015); *Lane Bank Equipment Co.*, 10 S.W.3d at 313–14; *Watson*, 2015 WL 780563, at *1–2; *Mann*, 464 S.W.3d at 89; *Kashan*, 2012 WL 2076821, at *2. Accordingly, we sustain Crotts's third issue to the extent Crotts asserts that the trial court erred in signing its final order of January 27, 2014.[8]

---

[8] We need not and do not address the remainder of Crotts's appellate issues.

### III.  CONCLUSION

The trial court had plenary power and jurisdiction to render the Reinstatement Order, which made the trial court's prior final order interlocutory. Crotts timely appealed from the trial court's subsequent final order, and so we have jurisdiction over this appeal.  The trial court erred by (1) concluding that it lacked plenary power or jurisdiction to render the Reinstatement Order, (2) vacating that order and declaring it to be void, and (3) dismissing the case for lack of jurisdiction.  We reverse that the trial court's final order and remand for further proceedings consistent with this opinion.[9]


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.

---

[9] Though Crotts's appellate brief contains a general prayer, Crotts does not specifically request a reverse-and-remand judgment on appeal.  Nonetheless, Crotts did not expressly state that he did not want such a judgment.  This court may reverse and remand because that is the proper appellate judgment.  *See* Tex. R. App. P. 43.3 ("When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when . . . a remand is necessary for further proceedings...."); *Garza v. Cantu,* 431 S.W.3d 96, 108–10 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (sub.op.).