**Order filed September 30, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00247-CV
_____

**RICHARD TOBIAS, Appellant**

**V.**

**SLP BROWNWOOD LLC D/B/A CROSS COUNTRY HEALTHCARE CENTER, THE OWNERS SLP MANAGEMENT, INC., AND DR. N. NIGALYE, Appellees**

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CV1903123**

### O R D E R

Appellees have filed in this court a motion to dismiss this appeal for lack of jurisdiction. We deny the motion.

Appellant, Richard Tobias, filed a pro se notice of appeal from an order in which the trial court dismissed Appellant's claims based on Appellees' Rule 91a

motions. *See* TEX. R. CIV. P. 91a. The trial court granted Appellees' Rule 91a motions and signed the order of dismissal on May 23, 2019. Appellant timely mailed a motion to reinstate on June 7, 2019, as reflected by the USPS postmark.[1] *See* TEX. R. APP. P. 9.2(b) (filing by mail). The notice of appeal was mailed on July 29 and filed on July 30, 2019, within the ninety-day period permitted by Rule 26.1(a) but beyond the thirty-day period otherwise required by Rule 26.1. *See* TEX. R. APP. P. 26.1. Accordingly, the question before us is whether Appellant's motion to reinstate was sufficient to extend the deadline for the notice of appeal. We hold that it was.

The substance of Appellant's unverified motion to reinstate was akin to a motion for new trial. It was, therefore, effective to extend the deadline for the filing of the notice of appeal. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 313–14 (Tex. 2000) (holding that "a timely filed postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g), thus extending the trial court's plenary jurisdiction and the appellate timetable"); *Gomez v. Tex. Dep't of Crim. Justice*, 896 S.W.2d 176, 176–77 (Tex. 1995) (similar); *see also Crotts v. Cole*, 480 S.W.3d 99, 102–04 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (upholding appellate jurisdiction where an unverified motion to reinstate was filed after a Rule 91a dismissal and holding that Rule 165a of the Texas Rules of Civil Procedure applies only to dismissals for want of prosecution, not to Rule 91a dismissals).

---

[1]We note that the envelope was addressed to the 35th District Court in Brownwood, Texas, 76801 and was originally file stamped in Abilene, Texas, on June 7, 2019. For some unknown reason, the envelope was subsequently file stamped in Louisville, Kentucky, on June 11. The motion to reinstate was not file stamped by the district clerk's office until July 2, 2019; however, July 2 was within ten days of the filing deadline. *See* TEX. R. APP. P. 9.2(b)(1).

Accordingly, we deny Appellees' motion to dismiss this appeal for lack of jurisdiction.

PER CURIAM

September 30, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.