**DENY and Opinion Filed February 15, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-21-00886-CV**
_____

**IN RE MICHAEL A. RUFF, Relator**

**Original Proceeding from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-02825-1**

# MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

In this original proceeding, relator seeks mandamus review of the probate court's January 28, 2021 and March 23, 2021 post-judgment discovery orders. A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* (internal brackets and quotation marks omitted). Thus, delaying the filing of a petition for mandamus relief

may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding).

Under prior holdings of this Court and others, an unexplained delay of four months or more can constitute laches and result in denial of mandamus relief. *See Rivera,* 858 S.W.2d at 366 (unexplained delay of more than four months); *In re Wages & White Lion Investments,* No. 05-21-00650-CV, 2021 WL 3276875 (Tex. App.—Dallas, July 30, 2021, orig. proceeding) (mem. op.) (unexplained delay of over four months from oral ruling and three months from date order was signed); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (unexplained delay of more than four months and waited until eve of trial); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, no writ) (unexplained four-month delay in challenging discovery orders); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (unexplained four-month delay and filed two weeks before trial).

Here, relator's October 12, 2021 petition for mandamus was filed six months and 19 days after the probate court's March 23, 2021 ruling, and eight months and 14 days after the probate court's January 28, 2021 ruling. We conclude that relator's unexplained delay bars his right to mandamus relief.

Although the doctrine of laches does not apply to void orders, *see In re Chester*, 309 S.W.3d 713, 718 (Tex. App.—Houston [14th Dist.] 2010, orig.

proceeding), we disagree with relator's contention that the challenged orders are void.

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210886F.P05