**DENY and Opinion Filed February 18, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-21-00600-CV**
_____

**IN RE DAVID REISS AND SPY GAMES, LLC, Relators**

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-02498**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

In this original proceeding, relators seek mandamus review of the trial court's December 21, 2018 temporary injunction order. A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* (internal brackets and quotation marks omitted). Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274

S.W.3d 672, 676 (Tex. 2009) (orig. proceeding). "A delay of only a few months can constitute laches and result in denial of mandamus relief." *In re Dryden Co.*, No. 05-20-00028-CV, 2020 WL 205314, at \*1 (Tex. App.—Dallas Jan. 14, 2020, orig. proceeding) (mem. op.).

Although the doctrine of laches does not apply to a void order, *see In re Chester*, 309 S.W.3d 713, 718 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding), we disagree with relators' assertion that the challenged order is void and accordingly apply the doctrine here. Relators' July 16, 2021 petition for mandamus was filed two and a half years after the trial court's December 21, 2018 temporary injunction order. As a result, we conclude that relators' unexplained delay bars their right to mandamus relief.

In any event, based on our review of the petition, response, reply, and the record, we conclude that relators have failed to show that they lack an adequate appellate remedy. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Also pending before the Court is relators' motion to strike real party in interest's February 7, 2022 sur-reply. We grant the motion, and we accordingly strike the sur-reply.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210600F.P05

–2–